**EXHIBIT**
A

Image ID:
D00020420D05

| **SUMMONS** |

Doc. No.   20420

*Recd 6-8-10*
*12:45P*
*WAS*

IN THE DISTRICT COURT OF Dodge COUNTY, NEBRASKA
428 N Broad St.
P.O. Box 1237
Fremont          NE 68025 1237

Daniel Kreikemeier v. Kansas City Life Insurance Company

Case ID: CI 10        358

TO:  Kansas City Life Insurance Comp

**FILED BY**
Clerk of the Dodge District Court
05/28/2010

You have been sued by the following plaintiff(s):

Daniel Kreikemeier

Plaintiff's Attorney:      J L Spray
Address:                   134 S 13th Street, Suite 1200
                           Lincoln, NE 68508

Telephone:                 (402) 475-8433

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 28, 2010        BY THE COURT:  *Linda Nelson*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Kansas City Life Insurance Comp
        National Registered Agents, Inc.
        6003 Old Cheney Road, 3rd Floor
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:   JANICE POE
      KANSAS CITY LIFE INSURANCE COMPANY
      3520 BROADWAY
      KANSAS CITY, MO 64111

SOP Transmittal # NE11288

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: KANSAS CITY LIFE INSURANCE COMPANY (Domestic State: MISSOURI)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of     NEBRASKA     on this  4  day of     June     , 2010   . The following is a summary of the document(s) received:

1.   **Title of Action:** Daniel Kreikemeier v. Kansas City Life Insurance Company

2.   **Document(s) served:** Summons/Citation/Third Party Summons

3.   **Court of Jurisdiction/**   Dodge County District Court, Nebraska
     **Case & Docket Number:** CI 10 358

4.   **Amount Claimed, if any:**

5.   **Method of Service** (select one):
     __ Personally served by:      __ Process Server       __ Deputy Sheriff       __ U. S Marshall
     ✗ Delivered Via:              ✗ Certified Mail        __ Regular Mail        __ Facsimile
                                   (Envelope enclosed)     (Envelope enclosed)

     __ Other (Explain):

6.   **Date and Time of Receipt:** 6/4/2010 4:03:21 PM EST (GMT -5)

7.   **Appearance/Answer Date:** within 30 days of service of the complaint/petition

8.   **Received From:**
     (Name, Address & Telephone Number)

9.   **Federal Express Airbill #** 791267760037

10.  **Call Made to:** VM - JANICE POE

11.   **Special Comments:**

NATIONAL REGISTERED AGENTS, INC.                    **Copies To:**

Transmitted by Janelle Werner

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

From: (800)767-1553
National Registered Agents, Inc.
6003 Old Cheney Road

Lincoln, NE 68516

To: JANICE POE (999)999-9999
KANSAS CITY LIFE INSURANCE COMPANY

**3520 BROADWAY**

**KANSAS CITY, MO 64111**

Ref: NE11288



FedEx Revenue Barcode

CAD # 1124160
SHIP DATE: 04JUN10
WEIGHT: 1 LBS

DELIVERY ADDRESS (FedEx-EDR)

TRK# 7912 6776 0037   FORM 0201

** 2DAY **

64111-MO-US

# SA MKCA

MCI

TUE
A1

Deliver by:
08JUN10



## IN THE DISTRICT COURT OF DODGE COUNTY, NEBRASKA

DANIEL KREIKEMEIER and    )    **Case No. CI 10-** 358
NORMA KREIKEMEIER,    )
          )
           Plaintiffs,    )
          )
       vs.    )    **COMPLAINT AND**
          )    **DEMAND FOR JURY TRIAL**
KANSAS CITY LIFE INSURANCE    )    **AND PRAECIPE**
COMPANY, a Missouri Corporation,    )
          )
           Defendant.    )

COMES NOW the Plaintiffs, and for their cause of action against the Defendant, allege and state as follows:

1.     Plaintiffs Daniel Kreikemeier ("Daniel") and Norma Kreikemeier ("Norma"), husband and wife, are residents of Snyder, Dodge County, Nebraska.

2.     Defendant Kansas City Life Insurance Company ("Kansas City Life") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri.

3.     At all relevant times, Kansas City Life was doing business as an insurer by and through its employees and agents located in an office in Omaha, Douglas County, Nebraska. Kansas City Life was at all relevant times and is currently regulated by the Nebraska Department of Insurance.

4.     Venue is proper in Dodge County District Court because the transactions, or some part of the transactions giving rise to this Complaint, occurred in Dodge County.

5.     At all relevant times, Bryan Behrens ("Behrens") was a "producer" licensed by the Nebraska Department of Insurance.

-1-


000009959D05

6.     At all relevant times, Behrens was also a "general agent" of Kansas City Life. Kansas City Life gave Behrens actual and apparent authority to act on its behalf in promoting and selling life insurance. Thus, Behrens and Kansas City Life were in an agency relationship whereby Kansas City Life was the principal and Behrens was the agent.

7.     Moreover, at approximately the same time as the events described herein, Kansas City Life recognized Behrens as one of its best and most valued agents. In addition to many smaller awards and honors, in 2006, Kansas City Life bestowed upon Behrens its "highest honor," the Agency Building Award, and this information was made public through promotional efforts undertaken by both Kansas City Life and Behrens. As recently as May 2010, Behrens' Agency Building Award was promoted to the public and was readily accessible to the public via a link posted on Behrens' defunct firm's website, (http://www.21stcenturyfg.com/AgentUploads/2124605846/2007%20behrens%20ABA%20ad.pdf).

8.     Kansas City Life is liable for Behrens' actions within the scope of his agency.

9.     Kansas City Life is also liable for Behrens' actions under the doctrine of respondeat superior.

10.     Plaintiff(s) held a life insurance policy on Daniel's life issued by Midland National Life Insurance Company ("Midland National"), identified as Policy No. 1501926313 ("Daniel's Midland National Policy"), with an issue date of January 25, 1994. A true and correct copy of an annual report regarding this policy, sent by Midland National to Plaintiffs and dated January 26, 2006, is attached as Exhibit "A" and incorporated herein by this reference.

11.     The death benefit provided by Daniel's Midland National Policy was $1 million.

-2-

12.     As of January 26, 2006, Daniel's Midland National Policy had a contract fund of $260,460.67 and a surrender value of $249,460.87.

13.     Plaintiff(s) also held a life insurance policy on Norma's life issued by Midland National ("Norma's Midland National Policy").

14.     The death benefit provided by Norma's Midland National Policy was somewhat smaller than Daniel's Midland National Policy, but Norma's Midland National Policy also had a considerable contract fund and surrender value.

15.     In approximately the fall of 2006, Behrens, as an agent of Kansas City Life, approached Plaintiffs and offered to sell them life insurance policies that would replace their existing Midland National policies in a tax-free exchange.

16.     Behrens, as agent of Kansas City Life, offered to sell Plaintiffs a life insurance policy on Daniel's life with a death benefit of $1.5 million, a 50% increase over Daniel's Midland National Policy.

17.     Behrens, as agent of Kansas City Life, explicitly represented to and promised Plaintiffs that the premiums would not increase as between Daniel's Midland National Policy and the proposed $1.5 million policy on Daniel's life.

18.     Behrens, as agent of Kansas City Life, explicitly represented to and promised Plaintiffs that the cash value would not significantly change as between Daniel's Midland National Policy and the proposed $1.5 million policy on Daniel's life.

19.     On or about April 6, 2007, Behrens, as agent of Kansas City Life, provided to Plaintiffs an Application for Insurance requesting a life insurance policy on Daniel's life to be issued by Kansas City Life with a death benefit of $1 million.

-3-

20.     Behrens, as agent of Kansas City Life, filled out the Application for Insurance.

21.     Behrens, as agent of Kansas City Life, checked a box indicating "no" in response to the question: "Will any existing life, health or annuity contract be lapsed, reissued, surrendered, or converted (to reduce amount, premium or period of coverage including surrender options) if the proposed policy is issued?"

22.     Behrens, as agent of Kansas City Life, represented to Plaintiffs that the completed Application for Insurance was correctly completed to fulfill his offer to sell them a life insurance policy with a death benefit of $1.5 million and premiums equal to or less than the premiums under Daniel's Midland National Policy. Behrens concealed from Plaintiffs the fact that the Application for Insurance actually was completed to request a policy with a $1 million death benefit.

23.     On or about April 6, 2007, in reliance on the representations and promises made by Behrens as agent of Kansas City Life, Daniel signed the Application for Insurance provided by Behrens. A true and correct copy of the Application for Insurance is attached as Exhibit "B" and incorporated herein by this reference.

24.     As a result, Daniel's Midland National Policy was terminated and the proceeds were used to purchase a $1 million life insurance policy issued by Kansas City Life and identified as Policy No. 2748380.

25.     On or about June 6, 2007, Behrens, as agent of Kansas City Life, provided to Plaintiffs an Application for Changes to Existing Policy requesting Kansas City Life increase Policy No. 2748380 to carry a $1.5 million death benefit and change ownership of the policy from Daniel to Norma.

-4-

26.   Behrens, as agent of Kansas City Life, filled out the Application for Changes to Existing Policy.

27.   Behrens, as agent of Kansas City Life, represented to Plaintiffs that the completed Application for Changes to Existing Policy changed ownership of the policy to Norma, but concealed the fact that it also increased the death benefit from $1 million to $1.5 million.

28.   On or about June 6, 2007, in reliance on the representations and promises made by Behrens as agent of Kansas City Life, Daniel signed the Application for Changes to Existing Policy provided by Behrens and Policy No. 2748380 was changed to carry a $1.5 million and ownership of said policy was transferred to Norma.  A true and correct copy of the Application for Changes to Existing Policy is attached as Exhibit "C" and incorporated herein by this reference.

29.   As a direct and proximate result of the express representations and promises made by Behrens as agent of Kansas City Life, Plaintiffs ultimately exchanged Daniel's Midland National Policy, which carried a $1 million death benefit, held considerable cash value and required relatively low premiums, for a $1.5 million life insurance policy with almost no cash value and requiring significantly higher premium payments.

30.   At approximately the same time as the transactions described above, Behrens, as agent of Kansas City Life, offered to sell Plaintiffs a life insurance policy on Norma's life with a greater death benefit than that provided by Norma's Midland National Policy.

31.   Behrens, as agent of Kansas City Life, explicitly represented and promised to Plaintiffs that the premiums would not increase as between Norma's Midland National Policy and the proposed policy on Norma's life.

32.     Behrens, as agent of Kansas City Life, explicitly represented to and promised Plaintiffs that the cash value would not significantly change as between Norma's Midland National Policy and the proposed policy on Norma's life.

33.     In approximately April 2007, Behrens, as agent of Kansas City Life, provided to Plaintiffs an Application for Insurance requesting a life insurance policy on Norma's life to be issued by Kansas City Life.

34.     Behrens, as agent of Kansas City Life, filled out the Application for Insurance.

35.     Upon information and belief, Behrens, as agent of Kansas City Life, checked a box indicating "no" in response to the question: "Will any existing life, health or annuity contract be lapsed, reissued, surrendered, or converted (to reduce amount, premium or period of coverage including surrender options) if the proposed policy is issued?"

36.     In approximately April 2007, in reliance on the express representations and promises made by Behrens as agent of Kansas City Life, Norma signed the Application for Insurance provided by Behrens. As a result, Norma's Midland National Policy was terminated and the proceeds were used to purchase a policy issued by Kansas City Life.

37.     As a direct and proximate result of the express representations and promises made by Behrens as agent of Kansas City Life, Norma ultimately exchanged Norma's Midland National Policy, which carried considerable cash value and required relatively low premiums, for a life insurance policy issued by Kansas City Life with almost no cash value and requiring significantly higher premium payments.

38.     To avoid the significantly higher premiums and to mitigate the damages caused by the express representations made by Behrens as agent of Kansas City Life, Plaintiffs were forced to

-6-

exchange their Kansas City Life policies for life insurance policies issued by The Lincoln National Life Insurance Company in approximately December 2009.

39.    As a direct and proximate result of the express representations and promises made by Behrens, as agent of Kansas City Life, Plaintiffs were damaged in various ways, including lost cash value and lost retirement security represented by direct access to that cash value and the ability to borrow against it.

40.    Plaintiff Kansas City Life's policies did not fulfill the express representations and promises made by Behrens as agent of Kansas City Life.

41.    Since the events described herein, Behrens has surrendered his licenses to the Nebraska Department of Insurance and the federal Securities and Exchange Commission and has pleaded guilty to securities fraud in the United States District Court for the District of Nebraska.

## FIRST CLAIM FOR RELIEF: FRAUDULENT MISREPRESENTATION

42.    Paragraphs 1 through 41 are incorporated herein by this reference.

43.    Kansas City Life, by and through its agent Behrens, made certain representations to Plaintiffs about the life insurance policies they would obtain from Kansas City Life.

44.    Kansas City Life's representations to Plaintiffs, made by and through its agent Behrens, were false.

45.    Kansas City Life, by and through its agent Behrens, knew that its representations to Plaintiffs were false when made or made its representations recklessly as a positive assertion without knowledge of its truth.

46.    Kansas City Life, by and through its agent Behrens, made representations to Plaintiffs with the intention that Plaintiffs should rely on them.

-7-

47.     Plaintiffs suffered damage as a result of Kansas City Life's representations to Plaintiffs, made by and through its agent Behrens.

## SECOND CLAIM FOR RELIEF: NEGLIGENT MISREPRESENTATION

48.     Paragraphs 1 through 47 are incorporated herein by this reference.

49.     In dealing with Plaintiffs, Kansas City Life acted in the course of its business, profession, or employment, or in a transaction in which it had a pecuniary interest.

50.     Kansas City Life, by and through its agent Behrens, supplied false information to Plaintiffs for the guidance of Plaintiffs in their business transactions.

51.     Kansas City Life, by and through its agent Behrens, failed to exercise reasonable care or competence in obtaining or communicating the false information it supplied to Plaintiffs.

52.     Plaintiffs justifiably relied on the false information supplied to them by Kansas City Life by and through its agent Behrens.

53.     Plaintiffs suffered pecuniary losses by their justifiable reliance upon the false information supplied to them by Kansas City Life, by and through its agent Behrens.

## THIRD CLAIM FOR RELIEF: FRAUDULENT CONCEALMENT

54.     Paragraphs 1 through 53 are incorporated herein by this reference.

55.     Kansas City Life, by and through its agent Behrens, had a duty to disclose a material fact or facts about the nature of the life insurance policies sold to Plaintiffs.

56.     Kansas City Life, by and through its agent Behrens, had knowledge of this material fact or facts and concealed them.

57.     The material fact or facts were not within Plaintiffs' reasonably diligent attention, observation, and judgment.

-8-

58.     Kansas City Life, by and through its agent Behrens, concealed the material fact or facts from Plaintiffs with the intention that Plaintiffs act in response to the concealment or suppression.

59.     Plaintiffs reasonably relied on the fact or facts as they believed them to be as a result of the concealment in acting or withholding action.

60.     Plaintiffs suffered damages by their action or inaction in response to Kansas City Life's concealment, executed by and through its agent Behrens.

### FOURTH CLAIM FOR RELIEF: BREACH OF CONTRACT

61.     Paragraphs 1 through 60 are incorporated herein by this reference.

62.     Kansas City Life, by and through its agent Behrens, promised to sell Plaintiffs a life insurance policy with death benefits exceeding those associated with Plaintiffs' existing life insurance policies but with premiums not to exceed the premiums on those existing life insurance policies, and cash values substantially the same as the existing life insurance policies.

63.     Plaintiffs accepted Kansas City Life's offer, extended by and through its agent Behrens.

64.     Plaintiffs' agreement with Kansas City Life was supported by adequate consideration, namely, Plaintiffs' payment of money in exchange for a life insurance policy with terms as promised by Kansas City Life, by and through its agent Behrens.

65.     There are no conditions precedent to performance of the promise made by Kansas City Life, by and through its agent Behrens, to Plaintiffs, or in the alternative, such conditions precedent have been fulfilled.

66.     Kansas City Life, by and through its agent Behrens, breached that promise to Plaintiffs when it sold Plaintiffs life insurance policies that required premiums in excess of those agreed in order to maintain the promised death benefits and generally were not as promised and were inferior to Plaintiffs' existing Midland National life insurance policies.

67.     Plaintiffs suffered damages as a direct and proximate result of Kansas City Life's actions, by and through its agent Behrens, in breaching its promises to Plaintiffs.

### FIFTH CLAIM FOR RELIEF: NEGLIGENCE

### Negligent Supervision

68.     Paragraphs 1 through 67 are incorporated herein by this reference.

69.     Pursuant to Nebraska Department of Insurance rules and regulations and the parties' agency relationship, Kansas City Life had a duty to properly supervise its agents, including Behrens.

70.     Kansas City Life breached its duty of reasonable care in supervising Behrens.

71.     As an actual and proximate result of Kansas City Life's breach of its duty to properly supervise Behrens, Plaintiffs suffered damages in an amount to be determined.

### Negligent Communications with Plaintiffs

72.     Paragraphs 1 through 71 are incorporated herein by this reference.

73.     Pursuant to Nebraska Department of Insurance rules and regulations and the parties' agency relationship, Kansas City Life had a duty to exercise reasonable care in communicating truthfully with Plaintiffs.

74.     Kansas City Life, either directly or through the acts of its agent Behrens, breached its duty of reasonable care in communicating truthfully with Plaintiffs.

-10-

75.     As an actual and proximate result of Kansas City Life's breach of its duty to exercise reasonable care in communicating truthfully with Plaintiffs, Plaintiffs suffered damages in an amount to be determined.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

a.     Determine and enter judgment in favor of Plaintiffs and against Defendant for general and special damages in an amount to be determined;

b.     Enter judgment in favor of Plaintiffs and against Defendant for their reasonable costs and expenses incurred in this action, including attorney fees;

c.     Enter judgment in favor of Plaintiffs and against Defendant for prejudgment and post judgment interest; and

d.     Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury and request that the trial and any proceedings in this case be held in Fremont, Dodge County, Nebraska.

DATED this 27th day of May, 2010.

FOR PLAINTIFFS,

By: _____

J.L. Spray, #18405
Patricia L. Vannoy, #24264
MATTSON, RICKETTS, DAVIES,
STEWART & CALKINS
134 South 13th Street, Suite 1200
Lincoln, Nebraska 68508-1901
Telephone:  (402) 475-8433
Facsimile:  (402) 475-0105
E-mail: jls@mattsonricketts.com
E-mail : plv@mattsonricketts.com

-11-



**MIDLAND NATIONAL**
Life Insurance Company

*A Member of the Sammons Financial Group*

January 26, 2006

I.I.II.I.II.II.II.II.II.II.II.II.II.II.II

NORMA J KREIKEMEIER
115 S ASH
SNYDER NE 68664

RE: Life Insurance Policy 1501926313- DANIEL L KREIKEMEIER

Thank you very much for letting us play an important role in your
financial future. This summary of your policy values will provide you
with up-to-date information on the current status of your policy.

Your policy now provides for $1,000,000.00 of life insurance, plus any
additional coverage(s) offered under the riders you have requested. The
current value of your contract fund is $260,460.67. (The cash value
may be less since surrender charges apply to withdrawals in early policy
years.)

We are very pleased to let you know that highly regarded independent
rating services such as A.M. Best Company and Standard and Poor's have
consistently rated Midland among the nations's best insurers.

We are also pleased to be able to credit a 4.50 percent interest rate
on premiums we are now receiving. While this rate is not guaranteed and
subject to change, we believe you will agree it is very favorable in
today's market place. The interest you earn is also not taxable until
such time that contract funds are withdrawn.

If you continue paying your planned periodic premium of $1,250.00
monthly and if current interest rates and insurance charges remain
as they are, your contract fund is projected to grow to $351,073.57
in 5 years, $459,671.17 in 10 years, $579,924.52 in 15 years,
and $721,654.75 in 20 years. These projections are based on current
interest rates and current insurance charges which are not guaranteed.

Thank you for selecting Midland National Life!

cc: AGENT - HAROLD E CONE        PHONE NUMBER: (402) 721-5715

MIDLAND NATIONAL LIFE INSURANCE COMPANY ● ONE MIDLAND PLAZA ● SIOUX FALLS, SD 57193-0001 ● (800) 923-3223



**EXHIBIT**

"A"

# TH(☉)S YOUR UNIVERSAL LIFE ANNUAL R☉RT

Age
56

Primary Insured : KREIKEMEIER, DANIEL L

Death Benefit - Beginning of Year:  $1,000,000.00 Death Benefit - End of Year: $1,000,000.00
Death Benefit Option:  1-LEVEL

*56 al* *une*

The following summarizes premiums received from January 25, 2005 through January 24, 2006.
They are being reported from day 25 of the month shown up to day 25 of the subsequent month.

| Month | Premium Received | --Monthly Charges-- Insurance | Expense | Rider(s) | Additional Charges | Interest Earned | Surrender Activity | Loan Activity | Contract Fund |
|-------|------|-----------|---------|----------|-----------|----------|----------|------|----------|
| JAN | 1250.00 | 692.62 | 204.00 | 0.00 | 0.00 | 1013.37 | 0.00 | 0.00 | 245,060.89 |
| FEB | 1250.00 | 691.38 | 204.00 | 0.00 | 0.00 | 1018.86 | 0.00 | 0.00 | 246,434.51 |
| MAR | 1250.00 | 690.10 | 204.00 | 0.00 | 0.00 | 1024.59 | 0.00 | 0.00 | 247,815.00 |
| APR | 1250.00 | 688.83 | 204.00 | 0.00 | 0.00 | 1030.33 | 0.00 | 0.00 | 249,202.50 |
| MAY | 1250.00 | 687.55 | 204.00 | 0.00 | 0.00 | 1036.45 | 0.00 | 0.00 | 250,597.40 |
| JUN | 1250.00 | 686.27 | 204.00 | 0.00 | 0.00 | 1041.90 | 0.00 | 0.00 | 251,999.03 |
| JUL | 1250.00 | 684.98 | 204.00 | 0.00 | 0.00 | 1047.73 | 0.00 | 0.00 | 253,407.78 |
| AUG | 1250.00 | 683.68 | 204.00 | 0.00 | 0.00 | 1037.76 | 0.00 | 0.00 | 254,807.66 |
| SEP | 1250.00 | 682.40 | 204.00 | 0.00 | 0.00 | 1039.09 | 0.00 | 0.00 | 256,210.55 |
| OCT | 1250.00 | 681.11 | 204.00 | 0.00 | 0.00 | 1044.98 | 0.00 | 0.00 | 257,620.42 |
| NOV | 1250.00 | 679.81 | 204.00 | 0.00 | 0.00 | 1050.39 | 0.00 | 0.00 | 259,037.00 |
| DEC | 1250.00 | 678.51 | 204.00 | 0.00 | 0.00 | 1056.18 | 0.00 | 0.00 | 260,460.67 |
| TOTAL | 15000.00 | 8227.22 | 2448.00 | 0.00 | 0.00 | 12441.65 | 0.00 | | |

### POLICY VALUES AS OF 01/24/06

| | | |
|---|---|---|
| Contract Fund: | 260,460.67 | Total Interest Credited: 12441.65 |
| Less Unpaid Loans: | 0.00 | Guaranteed Portion: 10333.76 |
| Less Accrued Loan Interest: | 0.00 | Excess Portion: 2107.89 |
| Less Surrender Charges: | 10,999.80 | |
| Policy Surrender Value: | 249,460.87 | |

### IMPORTANT POLICYOWNER NOTICE

You should consider requesting more detailed information about your policy to understand how
it may perform in the future.  You should not consider replacement of your policy or make
changes in your coverage without requesting a current illustration.  You may annually request,
without charge, such an illustration by contacting your agent, calling our office at
(605) 335-5700, or writing to Midland National Life at One Midland Plaza Sioux Falls, SD 57193.
If you do not receive a current illustration of your policy within 30 days from your request,
you should contact your State Insurance Department.

### FOOTNOTES

Please see your policy for a complete definition of these provisions.
(A) If this contract is surrendered, a surrender charge may apply in the early policy years.
Please refer to your contract for any charges applicable.  Note that after the surrender
charge period, the contract fund and cash value are the same.
(B) The guaranteed interest rate for the life of the policy is 4.50 percent.  Portions of
the Contract Fund may be credited with different interest rates.  You may annually request
an illustration.  The interest rate we charge on loans is 8.00 percent payable in arrears.
(C) All death benefits and surrender values provided in the attached cover letter and this
annual report will be reduced by outstanding policy loans and unpaid loan interest.
(D) Non-guaranteed interest rates currently credited on this policy are:

| Effective Date of Premiums Received | | Rate of Interest |
|---|---|---|
| Issue Date | to   08-31-05 | 4.50% |
| 09-01-05 | to   Present | 4.50% |

You have qualified for Bonus Interest of 0.50% in addition to the interest rate
shown above.  This bonus is included in your values and projections.

Report Date: 01-26-06

## PROJECTED POLICY YEAR-END VALUES
### Based on Current Non-Guaranteed Assumptions (a)
(Please also see the footnotes below.)



The projected policy values provided below are based upon our current non-guaranteed cost of insurance charges and the non-guaranteed interest rate(s), as described at the bottom of Page 2. The values shown below are not guaranteed and are provided for information purposes only. As current interest rates and/or insurance charges change, actual values will be different from the non-guaranteed values shown below. The amount of your premium payment and how frequently you make it will also affect these values.

| End of Policy Year | Assuming Premiums Are Paid (a) | | Assuming No Premiums Are Paid | |
|---|---|---|---|---|
| | Contract Fund | Death Benefit ** | Contract Fund | Death Benefit ** |
| 13 | 277,231.68 | 1,000,000.00 | 261,725.22 | 1,000,000.00 |
| 14 | 294,089.47 | 1,000,000.00 | 262,067.84 | 1,000,000.00 |
| 15 | 311,171.63 | 1,000,000.00 | 261,521.46 | 1,000,000.00 |
| 16 | 330,987.33 | 1,000,000.00 | 262,471.07 | 1,000,000.00 |
| 17 | 351,073.87 | 1,000,000.00 | 262,299.79 | 1,000,000.00 |
| 18 | 371,434.89 | 1,000,000.00 | 260,838.93 | 1,000,000.00 |
| 19 | 392,085.07 | 1,000,000.00 | 257,900.98 | 1,000,000.00 |
| 20 | 412,900.36 | 1,000,000.00 | 253,091.52 | 1,000,000.00 |
| 21 | 435,861.67 | 1,000,000.00 | 247,199.17 | 1,000,000.00 |
| 22 | 459,071.17 | 1,000,000.00 | 238,560.90 | 1,000,000.00 |
| 23 | 482,492.00 | 1,000,000.00 | 226,603.17 | 1,000,000.00 |
| 24 | 506,238.70 | 1,000,000.00 | 210,852.19 | 1,000,000.00 |
| 25 | 530,268.06 | 1,000,000.00 | 190,446.07 | 1,000,000.00 |
| 26 | 554,801.17 | 1,000,000.00 | 164,770.03 | 1,000,000.00 |
| 27 | 579,924.52 | 1,000,000.00 | 132,764.36 | 1,000,000.00 |
| 28 | 605,871.74 | 1,000,000.00 | 93,366.27 | 1,000,000.00 |
| 29 | 632,826.81 | 1,000,000.00 | 45,049.28 | 1,000,000.00 |
| 30 | 660,895.72 | 1,000,000.00 | 0.00 | 0.00 |
| 31 | 680,506.38 | 1,000,000.00 | 0.00 | 0.00 |
| 32 | 721,554.75 | 1,000,000.00 | 0.00 | 0.00 |
| AT MATURITY | 1,856,647.61 | 1,858,174.65 | 0.00 | 0.00 |

** If the projected death benefit shown above is zero for any policy year(s), the policy is projected to terminate during that year unless: 1) sufficient premium payments are made, prior to that policy year; or 2) the guaranteed values shown on Page 4 project that the policy will remain in effect longer.



FOOTNOTES

(a) Assumes timely payment of the planned periodic premium of $1,250.00 monthly.

cc: AGENT - HAROLD E CONE         PHONE NUMBER: (402)721-5715

Page 3 of 4

**PROJECTED POLICY YEAR-END VALUES**
(Based Upon Guaranteed Assumptions
(Please also see the footnotes below.)



The projected policy values provided below are based upon guaranteed cost of insurance charges and the guaranteed rate of interest. These projections will assist you in evaluating future values(s) in the possible, but unlikely, event current interest rates decline to the guaranteed rate and current cost of insurance charges increase to the guaranteed maximum rate(s).

| End of Policy Year | Assuming Premiums Are Paid (a) | | Assuming No Premiums Are Paid | |
|---|---|---|---|---|
| | Contract Fund | Death Benefit ** | Contract Fund | Death Benefit ** |
| 13 | 270,043.10 | 1,000,000.00 | 254,510.89 | 1,000,000.00 |
| 14 | 278,648.50 | 1,000,000.00 | 246,502.87 | 1,000,000.00 |
| 15 | 286,071.30 | 1,000,000.00 | 236,072.63 | 1,000,000.00 |
| 16 | 294,721.41 | 1,000,000.00 | 225,445.83 | 1,000,000.00 |
| 17 | 302,013.51 | 1,000,000.00 | 211,811.77 | 1,000,000.00 |
| 18 | 307,627.10 | 1,000,000.00 | 194,565.76 | 1,000,000.00 |
| 19 | 311,207.65 | 1,000,000.00 | 173,003.44 | 1,000,000.00 |
| 20 | 312,268.12 | 1,000,000.00 | 146,189.52 | 1,000,000.00 |
| 21 | 310,170.30 | 1,000,000.00 | 112,828.71 | 1,000,000.00 |
| 22 | 304,165.98 | 1,000,000.00 | 71,645.74 | 1,000,000.00 |
| 23 | 293,456.44 | 1,000,000.00 | 20,723.39 | 1,000,000.00 |
| 24 | 277,154.27 | 1,000,000.00 | 0.00 | 0.00 |
| 25 | 254,062.64 | 1,000,000.00 | 0.00 | 0.00 |
| 26 | 222,966.13 | 1,000,000.00 | 0.00 | 0.00 |
| 27 | 182,020.24 | 1,000,000.00 | 0.00 | 0.00 |
| 28 | 128,863.74 | 1,000,000.00 | 0.00 | 0.00 |
| 29 | 60,086.16 | 1,000,000.00 | 0.00 | 0.00 |
| 30 | 0.00 | 0.00 | 0.00 | 0.00 |

** If the projected death benefit shown above is zero for any policy year(s), the policy is not guaranteed to remain in effect, unless additional premium payments are made prior to that policy year. Please understand that, where current values illustrated on Page 3 exceed the guaranteed values above, the current values will apply to your policy.



**FOOTNOTES**

(a) Assumes timely payment of the planned periodic premium of $1,250.00 monthly.

Page 4 of 4

11/19/2009    17:52                                                    NO.847    0003

 KANSAS CITY LIFE INSURANCE COMPANY

**Application for Insurance**

## PERSONAL DATA

### Proposed Insured Information

Full Name: **Daniel K. Kreikemeier** (First / Middle / Last)  □ Male □ Female
Date of Birth: **6-15-1938** (Month / Day / Year)

State of Birth: **NEBRASKA**    SSN: **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**    ☑ Married □ Divorced □ Widowed  □ Single □ Separated

Former Full Name: _____

Street Address: **BOX 66**    City: **Snyder**    State: **NE**    Zip: **68664**

Home Phone No. **(402) 568-2200**    Driver's License No. **G05007870**    State Issued: **NE**

Occupation and Duties: **President**    Work Phone No. (   )    Years Employed: **30?**

Employer: **DANKO Emergency Equip**    Street Address: **302 E. 4th St**

City: **Snyder**    State: **NE**    Zip: **68664**

Best Place to Call: **Office**    Best Time to Call: **Morning**
*(If employed less than 2 years, complete employment information listed below)*

Former Employer: _____    Occupation and Duties: _____

### Ownership Information
*(Insured will be Owner, unless otherwise stated)*

Primary Owner: _____ (First / Middle / Last)    □ Male □ Female    Date of Birth: (Month / Day / Year)

State of Birth: **NEBRASKA**    SSN or Tax ID: _____    Relationship to Insured: _____

Street Address: _____    City: _____    State: _____    Zip: _____

Successor Owner: _____    Relationship to Insured: _____
*(If multiple successor Owners, show order and distribution in Special Requests.)*

### Applicant Information
*(Please complete the following information if the applicant is someone other than the Insured or Owner.)*

Applicant: _____ (First / Middle / Last)    □ Male □ Female    Relationship to Insured: _____

Street Address: _____    City: _____    State: _____    Zip: _____

### Beneficiary Information *(with right to change)*

Primary Beneficiary - First and Last Name: **Norma Kreikemeier**    Relationship to Insured: **Spouse**

Contingent Beneficiary - First and Last Name: **Daniel K. Kreikemeier and Norma J Kreikemeier Living Trust.**    Relationship to Insured: **Trust**

*Unless otherwise stated, benefits are payable equally to the named beneficiary(s) or to the survivor or survivors.

A130                                    Page 1

┌─────────────────┐
│    EXHIBIT      │
│      "B"        │
└─────────────────┘

11/19/2009    17:52                                              NO.847   P004

**Special Requests** (Policy date, alternate or additional policy, existing PAC or CB number, etc.)  **Home Office Endorsements**

Upon sucessfull undering will be placing policy
inar Ilit, yet to be created-

## PLAN DATA

**Life Insurance**
Plan Name _Ndra II_                          Specified/Face Amount $ _1,000,000_        Coverage ☑ A
                                                                                        Option ☐ B
Planned/Annual
Premium $ _4000_                Automatic      ☑ Yes    Proposed
                                Premium Loan   ☐ No     Risk Class  _Pref N/t_

Special Class                                  Reason for Special
Premium $ _Pref_                               Class Premium _____

### Riders/Benefits
- ☐ Disability Continuance of Insurance (UL only)
- ☐ Disability Payment of Premium (UL only)
- ☐ Guaranteed Endowment (UL only)
- ☑ Terminal Illness (UL only)
- ☐ Other Insured Coverage (UL only)
  (Complete information below)

- ☐ Long Term Care (UL only)
- ☐ Cost of Living (UL only)
- ☐ Pension Increase (UL only)
- ☐ Extra Protection Rider (UL only) $ ___
- ☐ Waiver of Premium (Non UL)
- ☐ Accidental Death $ ___

- ☐ Assured Insurability $ ___
- ☐ Survivorship Purchase Option
- ☐ Spouse's Term ___ units
- ☐ Children's Term ___ units
- ☑ Other _ELB_

### Other Insureds (OI)

| | Full Name | | Marital Status | Specified Amount | |
|---|---|---|---|---|---|
| 1st OI | _____ | ☐ Non-Smoker ☐ Smoker | ____ | $ ____ | ☐ ADB $ ___ |
| 2nd OI | _____ | ☐ Non-Smoker ☐ Smoker | ____ | $ ____ | ☐ ADB $ ___ |
| 3rd OI | _____ | ☐ Non-Smoker ☐ Smoker | ____ | $ ____ | ☐ ADB $ ___ |
| 4th OI | _____ | ☐ Non-Smoker ☐ Smoker | ____ | $ ____ | ☐ ADB $ ___ |
| 5th OI | _____ | ☐ Non-Smoker ☐ Smoker | ____ | $ ____ | ☐ ADB $ ___ |
| | First        Middle        Last | | | | |

Complete the following for all Other Insureds. If years employed is less than 2, show prior occupation in Special Requests. If any information is identical to the Primary Insured's, write Same.

| | Social Security Number | State of Birth | Occupations and Exact Duties | Employer's Name and Address | Yrs. Emp. |
|---|---|---|---|---|---|
| 1st OI | | | | | |
| 2nd OI | | | | | |
| 3rd OI | | | | | |
| 4th OI | | | | | |
| 5th OI | | | | | |

| | Street Address, City, State, Zip | Telephone No. | Most Convenient Time and Place to Contact | Driver's License Number & State Issued |
|---|---|---|---|---|
| 1st OI | | ( )  ☐ (home) ☐ (work) | | |
| 2nd OI | | ( )  ☐ (home) ☐ (work) | | |
| 3rd OI | | ( )  ☐ (home) ☑ (work) | | |
| 4th OI | | ( )  ☐ (home) ☐ (work) | | |
| 5th OI | | ( )  | | |

A189

Page 2

11/19/2009    17:52                                    ▲                                    NO.847   P005

## Annuities

Plan Name _____

Market
- ☒ Non-qualified   ☐ IRA   ☐ Money Purchase
- ☐ 501(c)(3) (TSA)   ☐ SEP   ☐ Profit Sharing
- ☐ HR10   ☐ 401(k)   ☐ 403(b)

☐ Single Premium      Annual.
☐ Flexible Premium    Premium $ _____

☐ Variable
☐ Fixed
☐ Other _____

Rollover   ☐ Yes   Amount of
           ☐ No    Transfer $ _____

Are any funds the result of a          ☐ Yes
transfer from a Qualified Plan?         ☐ No

* If the Owner is other than the Annuitant, the beneficiary, in the event of the Owner's death, will automatically be the Annuitant unless otherwise specified below.

Owner's Beneficiary _____   Relationship to Owner _____

## BILLING INFORMATION

Premium   ☐     ☐     ☐     ☐     ☐*    ☐     ☐     ☐     ☐
Mode      Ann   SA    Qtly  Mo    PAC   GA    CB    FAP   Single   Other _____

*☐ I request Kansas City Life to withdraw the initial monthly premium from my checking account to pay the premium on this policy.

Premium      ☐ Owner            ☐ Other (If other, give name and address below)
Notices to   ☐ Primary Insured _____

Modal Premium Amount for                 Branch of
Other Financial Services. $ _____   Service for GA _____

Payor's SSN for Government Allotment _____

### Credit Card Information for Initial Premium

Bankcard   ☐ VISA        Account
           ☐ Mastercard  Number _____

Name Shown on Card _____                Expiry Date _____

## REPLACEMENT

1. Will any existing life, health or annuity contract be lapsed, reissued, surrendered, or converted (to reduce amount, premium or period of coverage including surrender options) if the proposed policy is issued? ......   ☐ Yes  ☒ No
2. Will the proposed policy be financed by loans from this or any other policy? ...............................   ☐ Yes  ☒ No
   If Yes, give name of company(ies) or amount(s) _____
3. Will the proposed policy be part of an IRC Section 1035 Exchange? ...................................   ☐ Yes  ☒ No

## EVIDENCE OF INSURABILITY

### Insurance History

| Proposed Insured(s) | Company | Year Issued | Insurance Amount | ADB Amount |
|---|---|---|---|---|
| Daniel | Midland National | | $ 1,000,000 | $ |
| Lisa | Mutual of Omaha | | $ 150,000 | $ |
| Norm | Knights of Columbus | | $ 5317 | $ |
| David | Life USA | | $ 25000 | $ |

1. In the past 3 years have any of the Proposed Insureds applied for life or health insurance or reinstatement thereof without receiving it exactly as requested? ..................................................   ☐ Yes  ☒ No
2. Do any of the Proposed Insureds have an application for life or health insurance pending in any other company or intend to apply for such insurance within the next 10 days? ...........................................   ☐ Yes  ☒ No

Details to all Yes answers: _____

Page 3

A130

11/19/2009    17:52                              ▲                         NO.847    P006

## Non Medical Underwriting Questions
Questions apply to all Proposed Insureds.

1. Do any of the family members listed on this application live outside the Primary Insured's household? .......... ☐ Yes ☑ No
2. Are any Proposed Insureds not a U.S. citizen? ............................................................................................ ☐ Yes ☑ No
   If Yes, how long has(have) the Proposed Insured(s) been in the United States? _____
   What type Visa? _____ Visa Number? _____
3. Have any of the Proposed Insureds in the last 12 months, or do any of the Proposed Insureds within the next 24 months,
   intend to travel or reside outside the continental U.S. or Canada? If Yes, explain below. ......................... ☐ Yes ☑ No
4. In the past 3 years, has any Proposed Insured:
   a. been cited or convicted for any moving motor vehicle violations? If Yes, explain below. .................. ☐ Yes ☑ No
   b. had a driver's license suspended or revoked? If Yes, explain below. ........................................... ☐ Yes ☑ No
   c. flown as a pilot, co-pilot, or crew member of an aircraft? If Yes, complete the Aviation Questionnaire. ☐ Yes ☑ No
   d. engaged in sky or scuba diving, hang gliding, racing or any other hazardous sport or hobby? If Yes, complete the
      Avocations Questionnaire. ................................................................................................................... ☐ Yes ☑ No
5. Has any Proposed Insured ever been convicted of a felony? If Yes, explain below. ................................... ☐ Yes ☑ No
6. For Proposed Insured(s) and Other Insureds(s), is there any family history of diabetes, cancer, high blood pressure, heart
   or kidney disease, mental illness, suicide or stroke? If Yes, explain below.............................................. ☑ Yes ☐ No

| Relationship | Age if Living a | b | Family History or Cause of Death | Age at death a | b |
|---|---|---|---|---|---|
| Father | | | Not Known 2008 | 96 | |
| Mother | | | Gallbladder? 1986 | 73 | |
| Brothers and Sisters | 60 / 74 / 72 / 70 / 75 / 65 | Sister / Sister / Sister / Brother / Brother / Brother | (Colon cancer) Brother diagnosed 1995 2005 | 65 | |

good health

Details to all Yes answers: See above brother colon cancer _____

## Juvenile Insurance (Age 0-17)
1. If any Proposed Insured(s) is(are) less than 1, what was birth weight? (name and birth weight) _____
2. If any Proposed Insured(s) is(are) age 5-15, what is grade in school? (name and grade) _____
3. Are all children insured equally? ☐ Yes ☐ No  If No, please explain._____
4. Amount of insurance in force on father $_____
5. Amount of insurance in force on mother $_____

## Financial Information
### Complete For Personal Insurance Sales
Purpose of insurance ☐ Family Income Protection ☐ Estate Planning ☐ College Savings ☐ Other _____
(Check all that apply) ☐ Mortgage Protection ☐ Retirement Savings ☐ Final Expenses

Annual earned income (Include Salary, Bonus, Commissions)

☐ Proposed Insured $_____        ☐ Other Insured $_____
☐ Spouse $_____                  ☐ Family net worth $_____ (Total assets minus total liabilities)

Has(Have) the Proposed Insured(s) ever filed bankruptcy? ☐ Yes ☐ No
If Yes, please provide type (Chapter ☐ 7, ☐ 11, ☐ 13) and date closed._____

Spouse's Occupation _____ Amount of life insurance in force on Spouse $_____

### Complete For Business Insurance Sales
Purpose of insurance ☐ Key Person        ☑ Buy/Sell ☑ Other _Estate Planning_
(Check all that apply) ☐ Deferred Compensation ☐ Creditor
For the option(s) checked, how was
amount of insurance determined? _____ (Please provide documentation)

Annual earned income of Proposed Insured $ _difficult to pin down_ ...Proposed Insured's ownership of company _100_ %
Are other owners, officers or key persons being insured? ☑ Yes ☐ No  If No, please explain. _Norma Kreikemeier, spouse_
Total assets of company $ _6,000,000_        Total liabilities of company $ _2,000,000_
Net worth of company $ _6,000,000_          Net income of company after taxes last fiscal year $_____
Has company ever filed bankruptcy? ☐ Yes ☑ No  If Yes, please provide type (Chapter ☐ 7, ☐ 11, ☐ 13) and date closed._____

AK38                                   Page 4

11/19/2009   17:52                                              NO.847   P007

## HEALTH STATEMENT

| Print foll names of all to be insured. | Relationship to Primary Insured | Birthdate | | | Age | Sex | Build | | | *Weight Change in past year | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Month | Day | Year | | | Ft. | In. | Lb. | Gain | Loss |
| 1. Primary Insured | X | X | X | X | X | X | 5¹ | 10" | 202 | | |
| 2. | | | | | | | | | | | |
| 3. | | | | | | | | | | | |
| 4. | | | | | | | | | | | |
| 5. | | | | | | | | | | | |
| 6. | | | | | | | | | | | |

**\*Questions apply to all Proposed Insureds**

| | Yes | No | *Give DETAILS to Yes answers. Identify Proposed Insured(s), question, specify conditions, severity, dates, duration, aftereffects, weight gain or loss, and names and addresses of all attending physicians and medical facilities. |
|---|---|---|---|

1. Do you take prescription medicine? .............
2. Are you currently pregnant?  Due Date? .........
3. Have you ever used or received treatment or counseling for the use of marijuana, heroin, cocaine, amphetamines, barbiturates, hallucinogenic agents or opium or its derivatives? .........
4. Have any of the Proposed Insureds used any form of nicotine/tobacco in the last 12 months? (i.e., cigar, pipe, smokeless tobacco, cigarettes, etc.) ......... If cigarettes, how many packs per day? .........
5. Have you sought advice, been treated or arrested for the use of alcohol? ....

During the last 5 years have you:
6. been hospitalized or had medical advice, diagnostic tests recommended, or treatment by a physician or other medical practitioner? .........

During the last 10 years have you been diagnosed or treated for any disease or disorder of:
7. brain and nervous system - mental illness, epilepsy, seizures, stroke, paralysis? .........
8. sight or hearing? .........
9. blood - anemia or leukemia? .........
10. tumor or cancer? .........
11. heart/blood vessels - murmur, chest pain or pressure, palpitations, heart attack? .........
12. blood pressure? .........
13. thyroid or glandular trouble? .........
14. lungs - asthma, emphysema, tuberculosis? .........
15. digestive system - ulcer, intestines or rectum, polyps, colitis? .........
16. liver - elevated enzymes, cirrhosis, hepatitis? .........
17. diabetes - sugar in urine? .........
18. kidney/bladder or prostate - albumin, blood or pus in urine? .........
19. bone, joint, muscles, back or spine - arthritis? .........
20. breasts, uterus, ovaries? .........
21. menstruation or pregnancy? .........

Have you ever been diagnosed or treated for:
22. a sexually transmitted disease? .........
23. Acquired Immune Deficiency Syndrome (AIDS) or tested HIV positive? ....

Names, addresses and phone numbers of personal or family physicians. (If none, list last physician, clinic or hospital consulted.)

*Paramed*
*see attached*
*(page 10)*

Date and reason
last consulted

Clinic or VA
Claim Number

A150

Page 5

11/19/2009    17:52                              ▲                        NO.847    D008

# Civilian Aviation Questionnaire

Name of Proposed Insured _____

As a pilot or student pilot, indicate the number of hours flown in command _____    Date of last flight _____

Type of license currently held    ☐ Commercial    ☐ Student    ☐ Private

Do you hold a valid instrument rating?    ☐ Yes    ☐ No

Number of hours flown          Number of hours flown          Number of flying hours
in the last 12 months _____  in the last 12-24 months _____  contemplated in next 12 months _____

Purpose of present       ☐ Pleasure          ☐ Personal Business
and future flying        ☐ Commercial        ☐ Other (specify) _____

Type and class    ☐ Propeller      ☐ Glider      ☐ Home-Built
of aircraft flown ☐ Jet            ☐ Balloon     ☐ Ultralite
                  ☐ Helicopter     ☐ Hang Glider

Do you expect to engage in any of the following type of flying during the next 12 months? If Yes, state which and number of hours.

| | Hours | | | Hours |
|---|---|---|---|---|
| ☐ Scheduled Airlines | _____ | ☐ Pipeline Inspection | _____ | |
| ☐ Nonscheduled Airlines | _____ | ☐ Air Taxi or Sight Seeing | _____ | |
| ☐ Employer Owned Aircraft | _____ | ☐ Photography | _____ | |
| ☐ Crop Dusting | _____ | ☐ Mapping | _____ | |
| ☐ Water Bombing | _____ | ☐ Test or Inspection Flying | _____ | |
| ☐ Student Instruction | _____ | ☐ Aerobatics | _____ | |
| ☐ Charter Flying | _____ | ☐ Racing | _____ | |
| ☐ Freight or Mail Carrying | _____ | ☐ Any Other for Pay Flying | _____ | Type _____ |

Have you ever:
   a.   been in an aircraft accident?    ☐ Yes    ☐ No    If Yes to a., b., or c., explain below in Additional Details.
   b.   been grounded?    ☐ Yes    ☐ No
   c.   been fined or reprimanded?    ☐ Yes    ☑ No

Do you have any operational limitations on your medical certificate?    ☐ Yes    ☐ No    If Yes, explain below in Additional Details.

Do you contemplate any flying in Alaska?    ☐ Yes    ☐ No

Do you contemplate any flying outside the continental United States?    ☐ Yes    ☐ No    If Yes, explain below in Additional Details.

If aviation required an extra premium or exclusion rider, which would you prefer?    ☐ Extra Premium
                                                                                   ☐ Exclusion Rider

**Additional Details**

A139

## Agreement and Signatures

It is understood and agreed as follows:

1. The statements and answers recorded in all parts of this application are true and complete.
2. No information regarding any Proposed Insured will be considered known by the Company unless explicitly set out in writing on this application.
3. This application, and the answers to any required medical exam, will become a part of any policy issued on it.
4. No agent has the authority to waive any of the Company's rights or rules, or to make or change any contract.
5. The insurance applied for will take effect only after the following occur while the Proposed Insured(s) is(are) living and his/her(their) health is as stated in this application: (1) the policy is delivered to the applicant; and (2) the first full premium is paid in cash. The only exception to this is provided in the Temporary Insurance Agreement if the agreement has been issued and the advance payment required by the agreement has been made.
6. Any changes or additions made by the Company in "Home Office Endorsements" will be ratified by the applicant's acceptance of any life insurance policy issued on this application. However, any change in the classification, amount of insurance, issue age, plan of insurance or any benefits will not be effective unless accepted in writing by me(us).
7. I(We) have received the Notice of Information Practices which explains my(our) rights under the Fair Credit Reporting Act.
8. I(We) have paid $ _____ NMD _____ = to the agent in exchange for the Temporary Insurance Agreement and I(we) acknowledge that I(we) fully understand and accept its terms.

        *All premium checks must be made payable to Kansas City Life Insurance Company.
        Do not make check payable to the agent or leave the payee blank.

**AUTHORIZATION:** I(We) authorize the following to give information (defined below) to Kansas City Life or any person or group acting on the part of Kansas City Life: any medical professional, medical care institution, the Medical Information Bureau, Inc., insurer, reinsurer, government agency, consumer reporting agency or employer. "Information" means facts of: a medical nature in regard to my(our) physical or mental condition; employment; other insurance coverage; or any other non-medical facts. I(We) understand that this information will be used by Kansas City Life to determine eligibility for insurance. I(We) agree this Authorization is valid for two and one-half years from the date signed. I(We) know that I(we) have a right to receive a copy of this Authorization upon request. I(We) agree that a photographic copy of this Authorization is as valid as the original.

Dated at ___Snyder___ ___NE___ this __6__ day of __April__ __2007__
        City        State                     Month     Year

_____        _____
Primary Insured's Signature (if under 15, parent/guardian signature)        Applicant's Signature (if other than Primary Insured)

_____        _____
Spouse's Signature (if spouse coverage applied for)        First Other Insured's Signature (if over age 15)

_____        _____
Second Other Insured's Signature (if over age 15)        Third Other Insured's Signature (if over age 15)

_____        _____
Fourth Other Insured's Signature (if over age 15)        Fifth Other Insured's Signature (if over age 15)

## Statement of Agent

I certify that the statements of the Primary Insured, applicant and any other Proposed Insured(s) have been correctly recorded in this application and that any premium payment shown in item 8 above has been collected by me and a Temporary Insurance Agreement given to the applicant.

To the best of my knowledge the insurance applied for in this application ☐ will ☑ will not replace existing insurance.

Were all Proposed Insureds seen by you at the time of application?     ☐ Yes ☑ No     If No, an examination may be required.

__4301__                                        _____
Agent Code   Signature of Writing Agent        Agent Code   Signature of Other Agent(s) (if split case)

__2105__   Bohnens Agency
Agency Code   Agency

A120

Page 9

11/19/2009   17:52                                                          NO.847   D018

KANSAS CITY LIFE INSURANCE COMPANY

**Application for Changes
to Existing Policy**

Evidence Required • Increase Volume • Add Rider • Change to Option B • Reduce Rating • Remove Rating • AI Option with additional
benefits • Conversion with additional benefits, rate class change or volume increase. (Complete pages 1-4.)
Evidence Not Required • Decrease Volume • Delete Rider • Change to Option A • AI Option Conversion. (Complete page 1 only.)
Note:    • When adding OI rider, indicate CTI or STI deletions, if applicable.
         • When changing coverage options, the specified amount will be adjusted appropriately, unless otherwise indicated.
         • When changing volume, indicate any desired adjustment in ADB.

## Existing Plan Information

Policy Number (s) 2748580   Insured's Name Daniel Krienevier   Plan Name Nova 05   Specified/ Face Amount $ 1,000,000

## Personal Data

Address and Phone No.  PO Box 66  (402)568-2200   X Male / Female   Date of Birth 10/15/1938

Employer, Address and Phone No.

Occupation and Duties_____   Years Employed_____

## Requested Plan Information

Plan Name Life Pro 120    New Face/ Specified Amount $ 1,500,000
New Universal Life   ___ Option A - Level Death Benefit        Increase Specified Amount
Coverage Option      ___ Option B - Increasing Death Benefit   by amount of cash value?_____
Effective Date                       New Planned
(conversion only)                    Annual Premium $_____           AI Option Date_____

### Riders/Benefits

| Add | Delete | | Add | Delete | |
|---|---|---|---|---|---|
| ___ | ___ | Disability Continuance of Insurance (UL only) | ___ | ___ | Pension Increase (UL only) |
| ___ | ___ | Disability Payment of Premium (UL only) | ___ | ___ | Waiver of Premium (Non UL) |
| ___ | ___ | Guaranteed Endowment (UL only) | ___ | ___ | Accidental Death $ |
| ___ | ___ | Terminal Illness (UL only) | ___ | ___ | Assured Insurability $ |
| ___ | ___ | Long Term Care (UL only) | ___ | ___ | Survivorship Purchase Option |
| ___ | ___ | Other Insured Coverage (UL only) | ___ | ___ | Spouse's Term ___ units |
| ___ | ___ | Extra Protection Rider (UL only) $ | ___ | ___ | Children's Term ___ units |
| ___ | ___ | Cost of Living (UL only) | ___ | ___ | Other _____ |

## Other Policy Change Information

Is a removal or reduction    ___ Yes   Premium   Ann  SA  Qtly  Mo  PAC  GA  CB  FAP  Single Other _____
in rating requested?         ___ No    Mode

Primary Beneficiary  *(with right to change)
Name(s), Relationship(s) to the Insured, Addresses, and Social Security Numbers for all beneficiaries.

* Unless otherwise stated, benefits are payable equally to the named beneficiary(s) or to the survivor or survivors.

Contingent Beneficiary  *(with right to change)
Name(s), Relationship(s) to the Insured, Addresses, and Social Security Numbers for all beneficiaries.

Owner's Name and Address                          Relationship to Primary Insured

___ Male    Date of               City and          SSN or
___ Female  Birth       Age___    State of Birth    Tax ID

Successor                                          Relationship
Owner                                              to Insured

(If multiple successor owners, show order and distribution in Special Requests.)

**Agreement and Signatures:**  I (We) understand and agree that the change requested will be effective on the latest of the following:
(1) the date the change is approved at the Home Office of the Company; (2) the date specified in the policy or rider under which the change is made; or (3) the date any required premium has been paid.

Dated at Sarpt, Nebraska   this 6th day of June   2007

Owner's Signature

43019
Agent Code                    Signature of Licensed Agent    Agency Code         Agency

A134                                               Creditor Beneficiary or Assignee's signature (if any)   Page 1

**EXHIBIT**

"C"

11/19/2009   17:52                                               NO.847   D019

## OTHER INSURED(S) (OI)

| | Full Name | Marital Status | Specified Amount | |
|---|---|---|---|---|
| 1st OI | | | $ | ADB $ |
| 2nd OI | | | $ | ADB $ |

First   Middle   Last

Complete the following for all Other Insured(s). If years employed is less than 2, show prior occupation in Special Requests. If any information is identical to the Primary Insured's, write Same.

| | Social Security Number | State of Birth | Occupations and Exact Duties | Employer's Name and Address | Yrs. Emp. |
|---|---|---|---|---|---|
| 1st OI | | | | | |
| 2nd OI | | | | | |

| | Street Address, City, State, Zip | Telephone No. (home) ___ (work) | Most Convenient Time and Place to Contact | Driver's License Number & State Issued |
|---|---|---|---|---|
| 1st OI | | (home) ___ (work) | | |
| 2nd OI | | (home) ___ (work) | | |

## REPLACEMENT

1. Will any existing life, health or annuity contract be lapsed, reissued, surrendered, or converted (to reduce amount, premium or period of coverage including surrender options) if the proposed policy is issued? ........... ___ Yes ___ No
2. Will the proposed policy be financed by loans from this or any other policy? ................................................ ___ Yes ___ No
   If Yes, give name of company(ies) and amount(s)
3. Will the change in existing coverage be part of an IRC Section 1035 Exchange? ................................ ___ Yes ___ No

## EVIDENCE OF INSURABILITY

### Insurance History

| Proposed Insured(s) | Company | Year Issued | Insurance Amount | ADB Amount |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |

1. In the past 3 years have any of the Proposed Insured(s) applied for life or health insurance or reinstatement thereof without receiving it exactly as requested? ............................................................. ___ Yes ___ No
2. Do any of the Proposed Insured(s) have an application for life or health insurance pending in any other company or intend to apply for such insurance within the next 10 days? ........................................... ___ Yes ___ No

Details to all Yes answers:

## Non-Medical Underwriting Questions

Questions apply to all Proposed Insured(s).

1. Do any of the family members listed on this application live outside the Primary Insured's household? ........... ___ Yes ___ No
2. Are any Proposed Insured(s) not a U.S. citizen? ............................................................. ___ Yes ___ No
   If Yes, how long has(have) the Proposed Insured(s) been in the United States? ___
   What type Visa? ___   Visa Number? ___
3. Have any of the Proposed Insured(s) in the last 12 months, or do any of the Proposed Insured(s) within the next 24 months, intend to travel or reside outside the continental U.S. or Canada? If Yes, explain below. ........... ___ Yes ___ No
4. In the past 3 years, has any Proposed Insured:
   a. been cited or convicted for any moving motor vehicle violations? If Yes, explain below. ........... ___ Yes ___ No
   b. had a driver's license suspended or revoked? If Yes, explain below. ........... ___ Yes ___ No
   c. flown as a pilot, co-pilot, or crew member of an aircraft? If Yes, complete the Aviation Questionnaire. ........... ___ Yes ___ No
   d. engaged in sky or scuba diving, hang gliding, racing or any other hazardous sport or hobby? If Yes, complete the Avocations Questionnaire. ........... ___ Yes ___ No
5. Has any Proposed Insured ever been convicted of a felony? If Yes, explain below. ........... ___ Yes ___ No
6. For Proposed Insured (a) and Other Insured(s) (b), is there any family history of diabetes, cancer, high blood pressure, heart or kidney disease, mental illness, suicide or stroke? If Yes, explain below. ........... ___ Yes ___ No

| Relationship | Age if Living a | b | Family History or Cause of Death | Age at death a | b |
|---|---|---|---|---|---|
| Father | | | | | |
| Mother | | | | | |
| Brothers and Sisters | | | | | |

Details to all Yes answers:

Page 2

A136

11/19/2009    17:52                                                      NO.847   D020

# HEALTH STATEMENT

| Print full names of all to be insured. | Relationship to Primary Insured | Birthdate | | | Age | Sex | Build | | | *Weight Change in past year | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Month | Day | Year | | | Ft. | In. | Lb. | Gain | Loss |
| 1. Primary Insured | X | X | X | X | X | X | | | | | |
| 2. | | | | | | | | | | | |
| 3. | | | | | | | | | | | |
| 4. | | | | | | | | | | | |
| 5. | | | | | | | | | | | |
| 6. | | | | | | | | | | | |

## *Questions apply to all Proposed Insured(s)

| | | Yes | No |
|---|---|---|---|
| 1. | Do you take prescription medicine? | | |
| 2. | Are you currently pregnant? Due Date?_____ | | |
| 3. | Have you ever used or received treatment or counseling for the use of marijuana, heroin, cocaine, amphetamines, barbiturates, hallucinogenic agents or opium or its derivatives? | | |
| 4. | Have any of the Proposed Insured(s) used any form of nicotine/tobacco in the last 12 months? (i.e., cigar, pipe, smokeless tobacco, cigarettes, etc.)...... If cigarettes, how many packs per day?_____ | | |
| 5. | Have you sought advice, been treated or arrested for the use of alcohol? | | |

During the last 5 years have you:
| | | | |
|---|---|---|---|
| 6. | been hospitalized or had medical advice, diagnostic tests recommended, or treatment by a physician or other medical practitioner?.................. | | |

During the last 10 years have you been diagnosed or treated for any disease or disorder of:
| | | | |
|---|---|---|---|
| 7. | brain and nervous system - mental illness, epilepsy, seizures, stroke, paralysis? | | |
| 8. | sight or hearing? | | |
| 9. | blood - anemia or leukemia? | | |
| 10. | tumor or cancer? | | |
| 11. | heart/blood vessels - murmur, chest pain or pressure, palpitations, heart attack? | | |
| 12. | blood pressure? | | |
| 13. | thyroid or glandular trouble? | | |
| 14. | lungs - asthma, emphysema, tuberculosis? | | |
| 15. | digestive system - ulcer, intestines or rectum, polyps, colitis? | | |
| 16. | liver - elevated enzymes, cirrhosis, hepatitis? | | |
| 17. | diabetes - sugar in urine? | | |
| 18. | kidney/bladder or prostate - albumin, blood or pus in urine? | | |
| 19. | bone, joint, muscles, back or spine - arthritis? | | |
| 20. | breasts, uterus, ovaries? | | |
| 21. | menstruation or pregnancy? | | |

Have you ever been diagnosed or treated for:
| | | | |
|---|---|---|---|
| 22. | a sexually transmitted disease? | | |
| 23. | Acquired Immune Deficiency Syndrome (AIDS) or tested HIV positive?... | | |

*Give DETAILS to Yes answers. Identify Proposed Insured(s), question, specify conditions, severity, dates, duration, after-effects, weight gain or loss, and names and addresses of all attending physicians and medical facilities.

Names, addresses and phone numbers of personal or family physicians. (If none, list last physician, clinic or hospital consulted.) _____

Date and Reason last consulted                                    Clinic or VA Claim Number

A124                                                               Page 3

11/19/2009    17:52                                                    NO.847    P021

**Special Requests** (Address changes, existing PAC or CB number, billing notice changes, etc.) **Home Office Endorsements**

Change Owner to Norma for exchange

## Agreement and Signatures

It is understood and agreed as follows:

1. The statements and answers recorded in all parts of this application are true and complete.
2. No information regarding any Proposed Insured will be considered known by the Company unless explicitly set out in writing on this application.
3. This application, and the answers to any required medical exams, will become a part of any policy issued on it.
4. No agent has the authority to waive any of the Company's rights or rules, or to make or change any contract.
5. The insurance applied for will take effect only after the following occur while the Proposed Insured(s) is(are) living and his/her(their) health is as stated in this application: (1) the policy is delivered to the applicant; and (2) the first full premium is paid in cash. The only exception to this is provided in the Temporary Insurance Agreement if the agreement has been issued and the advance payment required by the agreement has been made.
6. Any changes or additions made by the Company in "Home Office Endorsements" will be ratified by the applicant's acceptance of any life insurance policy issued on this application. However, any change in the classification, amount of insurance, issue age, plan of insurance or any benefits will not be effective unless accepted in writing by me(us).
7. I(We) have received the Notice of Information Practices which explains my(our) rights under the Fair Credit Reporting Act.
8. I(We) have paid $_____ * to the agent in exchange for the Temporary Insurance Agreement and I(we) acknowledge that I(we) fully understand and accept its terms.

\*All premium checks must be made payable to Kansas City Life Insurance Company
Do not make check payable to the agent or leave the payee blank.

**AUTHORIZATION:** I(We) authorize the following to give information (defined below) to Kansas City Life or any person or group acting on the part of Kansas City Life: any medical professional, medical care institution, the Medical Information Bureau, Inc., insurer, reinsurer, government agency, consumer reporting agency or employer. "Information" means facts of: a medical nature in regard to my(our) physical or mental condition; employment; other insurance coverage; or any other non-medical facts. I(We) understand that this information will be used by Kansas City Life to determine eligibility for insurance. I(We) agree this Authorization is valid for two and one-half years from the date signed. I(We) know that I(we) have a right to receive a copy of this Authorization upon request. I(We) agree that a photographic copy of this Authorization is as valid as the original.

Dated at  Snyder, NEBRASKA          this  6th  day of  June          2007

X _____                        _____
Primary Insured's Signature (under 15, parent/guardian signature)        Applicant's Signature (if other than Primary Insured)

_____                            _____
Spouse's Signature (if spouse coverage applied for)                First Other Insured's Signature (if over age 15)

_____
Second Other Insured's Signature (if over age 15)

## Statement of Agent

I certify that the statements of the Primary Insured, applicant and any other Proposed Insured(s) have been correctly recorded in this application. I certify that I have collected any premium payment shown in Item 8 above and have given a Temporary Insurance Agreement to the applicant.

To the best of my knowledge the insurance applied for in this application  X  will  ____  will not replace existing insurance.

Did you see all Proposed Insured(s) at the time of application?   X  Yes  ____  No    If No, an examination may be required.

4301 9 |  _____                    _____
Agent Code   Signature of Writing Agent                    Agent Code    Signature of Other Agent(s) (if split case)

2105 |  Behrns Agency
Agency Code   Agency

Page 4

A534