IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL KREIKEMEIER and NORMA KREIKEMEIER, | ) ) ) | Case No. 8:10CV252 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KANSAS CITY LIFE INSURANCE COMPANY, a Missouri Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS RULE 12 MOTIONS**

**PREPARED AND SUBMITTED BY:**

Kyle Wallor #21346
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
Telephone: (402) 397-7300

## INTRODUCTION

Defendant, Kansas City Life Insurance Company ["KCL"] respectfully submits this brief in support of its Rule 12 motions to dismiss or strike portions of the Plaintiffs' Complaint. Count IV of Plaintiffs' Complaint fails to state a claim for breach of contract, because life insurance agents generally, and this life insurance agent in particular, do not have the authority to create a binding contract on behalf of their principals. Additionally, Plaintiffs' claims for attorney's fees should be dismissed because there is no statutory authority or uniform course of procedure supporting the award of attorney's fees in this case, which is essentially a tort cause of action. Finally, Plaintiffs' references to Defendant's former agent's conviction for *securities* fraud should be stricken under Federal Rule of Civil Procedure 12(f) as "immaterial, impertinent or scandalous" because the Plaintiffs did not, and cannot, plead that the insurance product they purchased was a security. The Plaintiffs have attached copies of their written applications for coverage to their Complaint and incorporated those applications into the Complaint by reference; therefore, this court may properly consider the written attachments when evaluating KCL's motion to dismiss as it is proper to examine materials and exhibits attached to a complaint on a motion to dismiss. *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909 (8th Cir. Mo. 2002).

## STANDARD UNDER RULE 12(b)(6)

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009); *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585 (8th Cir. Mo. 2009). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* A complaint states a plausible claim for relief if its "factual content ... allows

1

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. *Id. (quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955).

Materials attached to a complaint as exhibits may be considered in construing the sufficiency of the complaint on a motion to dismiss. *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909 (8th Cir. Mo. 2002). Further, in a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss. *Stahl v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (8th Cir. N.D. 2003).

## STANDARD UNDER RULE 12(f)

Courts may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Nwakpuda v. Falley's, Inc.,* 114 F.Supp.2d 1213, 1215-16 (D. Kan. 1998). Judges enjoy liberal discretion to strike pleadings under Rule 12(f). *BJC Health System v. Columbia Cas. Co.,* 478 F.3d 908 (8th Cir. 2007). A motion to strike immaterial allegations of a complaint is mandatory only if the language determined to be immaterial is also calculated to be harmful to the moving party if allowed to remain in the complaint. *Surface v. Safeway Stores,* 7 F.R.D. 478 (D. Neb. 1947).

## FACTUAL SUMMARY

On May 8, 2010, Plaintiffs Daniel Kreikemeier and Norma Kreikemeier filed the present action in the District Court of Dodge County, Nebraska against the Defendant, Kansas City Life Company ["KCL"]. Within Plaintiffs' complaint, Plaintiffs allege claims of Fraudulent Misrepresentation, Negligent Misrepresentation, Fraudulent Concealment, Breach of Contract,

Negligent Supervision, and Negligent Communication. Plaintiffs claim that KCL is liable for the acts of its former agent, Bryan Behrens, when Behrens sold the Plaintiffs two Kansas City Life insurance policies and allegedly misrepresented the death benefit, cash surrender value and premium cost of the two policies. (*See generally*, Plaintiffs' Complaint). The Plaintiffs have attached to their complaint as Exhibit "B" a copy of their "Application for Insurance." Exhibit B was incorporated into the Complaint by reference. (*See* Complaint, ¶ 23). In addition, the Plaintiffs have attached to their Complaint as Exhibit "C" a copy of their "Applications for Changes to Existing Policy." Exhibit C was also incorporated into the Complaint by reference. (*See* Complaint, ¶ 29).

The Applications attached as Exhibits B and C expressly and plainly limit Behrens' authority to as KCL's agent. In the "Agreement and Signatures" section of both Applications the following limitations are set out: "<u>3. No agent has the authority to waive any of the Company's rights or rules, or to make or change any contract.</u>" (Exhibit B, Page 9, ¶4, Exhibit C, page 4, ¶4; emphasis supplied). The applications additionally provide: "5. The insurance applied for will take effect only after the following occur while the proposed insured(s) is (are) living and his/her/(their) health is as stated in this application: (1) the policy is delivered to the applicant; and (2) the first full premium is paid in cash." Plaintiff Daniel Kreikemeier signed Exhibit B and Exhibit C on the same pages as cited above. (Exhibit B, Page 9, Exhibit C, page 4).

This action was removed to the United States District Court for the District of Nebraska on July 8, 2010. Currently pending before the United States District Court are KCL's Rule 12 motions to dismiss and strike portions of the Plaintiffs' Complaint. In particular, KCL seeks dismissal of the Plaintiffs' requests for attorney's fees and breach of contract action under Federal Rule of Civil Procedure Rule 12(b)(6) and have requested Plaintiffs' references to

securities fraud be stricken from the Plaintiffs' Complaint pursuant to Rule 12(f) as such references are "immaterial, impertinent or scandalous."

## ARGUMENT

I. **Plaintiffs' claim for breach of contract fails to state a claim upon which relief can be granted as there is no contract to base Plaintiffs' allegations of breach upon.**

   A. **A life insurance agent does not have authority to vary the terms of a written life insurance policy when the authority of the agent has been expressly limited.**

While Plaintiffs have based their allegations for breach of contract on alleged verbal misrepresentations made by Behrens, it is well established that if the power of a life insurance agent is clearly limited in the application for insurance, the agent cannot vary the terms of the policy. *Kaley v. Northwestern Mut. Life Ins. Co.*, 102 Neb. 135, 135, 166 N.W. 256, 256 (1918); *New York Life Ins. Co. v. McCreary*, 60 F.2d 355, 359 (8th Cir. Neb. 1932). Upon signing, an applicant is presumed to have read an application for insurance and is bound by its content and the limitations of an agent expressed therein. *New York Life Ins. Co. v. McCreary*, 60 F.2d 355, 358 (8th Cir. Neb. 1932). If an agent exceeds those limitations the contract will not be binding upon his principal. *Kaley*, 102 Neb. at 135, 166 N.W. at 258; *Omaha Alfalfa Milling Co. v. Pinkham*, 105 Neb. 20, 20, 178 N.W. 910, 911 (1920).

Strikingly similar to the present case are the facts in *Kaley v. Northwestern Mut. Life Ins. Co.*, 102 Neb. 135, 166 N.W. 256 (1918). In *Kaley*, a life insurance agent was found not to bind its principal, Northwestern Mutual Life Insurance Company, with a document purporting to contain policy "estimates" the agent had shown to potential life insurance applicants. *Kaley*, 102 Neb. at 135, 166 N.W. at 258. Notably, the "estimates" were inconsistent with several aspects of the life insurance policy. *Id.* The application and policy also contained limitations of the agent's authority and the officers of the company had no knowledge of the "estimates" represented. *Id.*

Despite Plaintiff's arguments to the contrary, the Nebraska Supreme Court held that the policy and application constituted the *entire* contract, and the insurance company was not bound by any "estimate" represented by the agent. *Id.*

Likewise, the 8th Circuit in *New York Life*, found a contract of life insurance not binding upon a life insurance company when the conditions precedent to enact the policy were not met. *New York Life Ins. Co.*, 60 F.2d at 358. The court reasoned that the limitations of the agent's authority were plainly printed on the application the applicant signed meaning the agent could not waive any conditions expressed within the written policy. *Id.* Additionally the applicant was charged with notice of the agent's limitations as the applicant was presumed to have read the application upon signing. *Id.* In further discussing the limitations within the policy, the court stated:

> "It follows that no contract of insurance ever became effective unless, as claimed by the plaintiff, these conditions of the contract were waived. It is contended that these conditions were waived because of the acts and knowledge of the defendant's soliciting agent. It is, however, to be observed that the application signed by the applicant contains specific provision that only the president, a vice president, a second vice president, a secretary, or the treasurer of the company could waive any of the company's rights or requirements. The principles of the general law of agency are applicable to insurance companies and their agents .... and <u>insurance companies, unless inhibited by valid statutory provisions, may limit the authority of their agents by agreements contained in the application for insurance, and such agreements are binding upon the applicant</u>."

*New York Life Ins. Co.*, 60 F.2d at 358.

Finally, the 8th Circuit in *Modern Woodmen of America v. Tevis*, 117 F. 369, 375 (8th Cir. 1902) emphasized an insurance company's ability to limit its agent's authority:

> "insurance companies ... may limit the authority of their agents by stipulations in their contracts, and, <u>when so limited, such agents cannot by contract, waiver or estoppel bind their companies to the insured or to the beneficiaries of the agreements beyond the scope of their authority...the insured and beneficiaries are conclusively presumed to know the terms of their contracts</u>."

5

Turning to the case at hand, Plaintiffs have based their allegations for breach of contract upon Behrens alleged *verbal* misrepresentations regarding the cash surrender value, premium cost, and death benefit of the KCL policies. (Plaintiffs' Complaint, ¶ 62). However, akin to the court's reasoning in *Kaley, New York Life*, and *Woodmen*, there was zero authority of Behrens, as an agent of KCL, to verbally bind KCL to a contract of his own making when the limitations of Behrens were plainly stated on the face of the applications and the Plaintiffs signed the applications directly below said limitations. Indeed, within the "Agreements and Signatures" section of the KCL applications which immediately precedes Daniel Kreikemeier's signature, it states that "No agent has the authority to waive any of the Company's rights or rules, or to make or change any contract." (Exhibit B, Page 9, ¶4, Exhibit C, page 4, ¶4). As a result of this unambiguous limitation and echoing the Supreme Court's holding in *Kaley* and *New York Life*, Plaintiffs' contention in Count Four that KCL is bound to an insurance contract created by Behrens on behalf of KCL must fail as a matter of law.

      **B.**    **Additionally, Behrens was a soliciting agent, unable to bind KCL to a contract of insurance outside the express provisions of the written policy.**

Moreover, given the limitations on Behrens authority as set out in Exhibits B and C, it is apparent that Behrens was a mere "soliciting agent." Courts uniformly hold "soliciting" life insurance agents, as opposed to "general agents" have no authority to enter into and bind an insurance company to a contract of insurance. *Caldwell v. American National Insurance Company*, 456 F.2d 1268, 1269 (8th Cir. 1972). In the absence of express authority or appointment in writing, a life insurance agent is without authority to bind an insurer to oral representations. *Stephen v. Mutual Ben. Health & Accident Ass'n*, 146 Kan. 307, 307, 69 P.2d 694, 697 (1937). A soliciting agent with power to solicit, receive and report applications has no

6

power to accept and make contracts of insurance, nor can he or she bind the company by stating that the risk attaches before the issuance of the policy. 43 Am. Jur. 2d Insurance § 217 (2010).

The 8th Circuit has repeatedly held that a soliciting agent cannot orally modify written contracts of life insurance. See, *Caldwell v. American National Insurance Company*, 456 F.2d 1268 (8th Cir. 1972) (Holding that a soliciting life insurance agent could not orally enter into and bind his principal to a contract for insurance); *Eastridge v. Reliable Life Ins. Co.*, 252 Ark. 552, 480 S.W.2d 131 (1972) (Finding that a life insurance agent, as a soliciting agent, could not bind an insurer to a contract); *and Hall v. Modern Woodmen of America*, 68 F.3d 1120 (8th Cir. 1995) (Finding no basis to impute agent's knowledge to life insurance company when agent was a soliciting agent and not a general agent).

In *West v. Metropolitan Life Ins. Co.*, 144 Kan. 444, 444, 61 P.2d 918, 921 (1936), the Supreme Court of Kansas found that agents who accepted applications for life insurance were not "general agents," as distinguished from "soliciting agents," so as to be authorized to agree to oral modifications of the written application for insurance. Notably the court stated that "in [the] absence of proved authority ... [an] insurance agent cannot agree to oral modifications of written application for insurance, or effect oral contract of insurance, in such manner as to bind [an] insurer." *West,* 144 Kan. at 444, 61 P.2d at 918. *See also,* S*tephen v. Mutual Ben. Health & Accident Ass'n,* 146 Kan. 307, 69 P.2d 694 (1937) (Agent who took applications for health, accident, and life insurance, who delivered policies and collected premiums, was a mere "soliciting agent" in the absence of evidence that he had been appointed in writing and had authority to decline or accept applications; agent was without authority to bind insurer with oral statement that insurance would be in effect from date of signing of application); *Mrs. Mina H. Todd v. The Piedmont and Arlington Life Insurance Company*, 34 La.Ann. 63 (1882) (Unless specially authorized, a life insurance agent has no power to enter into contracts of insurance, and

7

to thus bind his company); *and Sachs v. North American Life Ins. Co. of Chicago,* 201 Wis. 537, 537, 230 N.W. 612, 613 (1930) (Stating that "life insurance agents rarely, if ever, are general agents with authority to place the insurance and write or execute policies which are effective immediately").

Analogous to the *West* decision, Behrens had no express authority to propel him into the category of "general agent." Again, the written applications attached by the Plaintiffs to their complaint explicitly provide that "No agent has the authority to waive any of the Company's rights or rules, or to make or change any contract." (Exhibit B, Page 9, ¶4, Exhibit C, page 4, ¶4). The applications further provide: "The insurance applied for will take effect only after the following occur while the proposed insured(s) is (are) living and his/her/(their) health is as stated in this application: (1) the policy is delivered to the applicant; and (2) the first full premium is paid in cash." (Exhibit B, Page 9, ¶5, Exhibit C, page 4, ¶5). Thus, it is obvious that Behrens had absolutely no authority to verbally alter the terms of the written insurance agreement or the conditions precedent to enact the policy. Therefore Count IV of the Plaintiffs' Complaint alleging breach of contract based upon alleged verbal representations made by Behrens must be dismissed for failure to state a claim. Simply put, because Behrens had no authority to bind KCL to a policy inconsistent with the written terms of the KCL policy, there is no contract on which to base Plaintiffs' claim of breach.

II.  **Plaintiffs' requests for attorney's fees must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.**

    A.  **Recovery of attorney's fees in Neb. Rev. Stat. § 44-359 is not applicable as the present action is not an action "upon any type of insurance policy."**

In a diversity case, state law generally governs the question whether there is a right to attorney's fees. *See, Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260, 95 S.Ct. 1612, 1623 (1975); *Ferrell v. West Bend Mut. Ins. Co.,* 393 F.3d 786, 796 (8th Cir. Ark. 2005).

8

Under Nebraska law, the recovery of attorney's fees is procedural in nature and governed by the law of the forum. *Nebraska Nutrients, Inc. v. Shepherd*, 261 Neb. 723, 782, 626 N.W.2d 472, 518 (2001); *Hawkeye Cas. Co. v. Stoker*, 154 Neb. 466, 485, 48 N.W.2d 623, 634 (1951). Nebraska allows for the recovery of attorney's fees only in such cases as are provided by statute, or where the uniform course of procedure has been to allow such recovery. *Quinn v. Godfather's Investments, Inc.*, 217 Neb. 441, 442, 348 N.W.2d 893, 894 (1984). Though Neb. Rev. Stat. § 44-359 (2004) allows for the recovery of attorney's fees when a person entitled to insurance proceeds brings an action "upon any type of insurance policy," application of Neb. Rev. Stat. § 44 – 359 to the present is improper as the Plaintiffs' actions are based in *tort* and not "upon the policy itself." Therefore, there is no statutory or uniform course of recovery allowing the award of attorney's fees to the Plaintiffs.

As previously discussed in Section I, *supra*, because a life insurance agent cannot bind an insurance company beyond the plain terms of the written contract, there is no "contract" or "insurance policy" within the confines of Neb. Rev. Stat. § 44-359 to base Plaintiffs' requests for attorney's fees upon. In particular, § 44-359 provides:

> In all cases when the beneficiary or other person entitled thereto **brings an action upon any type of insurance policy**…… against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs…

Neb. Rev. Stat. 44-359 (2010).

Illustrative to the present is the court's holding in *Lienemann v. State Farm Mut. Auto Fire & Cas. Co.*, 540 F.2d 333 (8th Cir. Neb. 1976). The Defendant in *Lienemann* argued that the Plaintiffs' excess judgment suits arose in tort rather than contract and thus were not within the confines of Neb. Rev. Stat. § 44-359 allowing recovery of attorney's fees for "action[s] upon any type of insurance policy." *Lienemann*, 540 F.2d at 342. Agreeing with the Defendant, the

9

8th Circuit held that Neb. Rev. Stat. § 44-359 did not encompass suits based in tort when the cause of action was a "tortious wrong [meaning] suit [was] not *upon the policy itself* within the meaning of Neb. Rev. Stat. § 44-359." *Id. See also, Lundt v. Insurance Co. of North America*, 184 Neb. 208, 210, 166 N.W.2d 404, 405 (1969), (Holding that Neb. Rev. Stat. 44-359 authorizes the assessment of attorney's fees, as costs, only when judgment is rendered *upon a policy of insurance*). Analogous to the holding in *Lienemann,* the present action arises in tort and not contract. Because Plaintiffs' Count Four must fail for the reasons specified in Section I, Plaintiffs' action is not a contractual action "upon the policy itself." The remaining counts of the Complaint clearly express causes of action that sound in tort, not contract. As § 44-359 does not apply to the theories of recovery pled by the Plaintiffs and the Plaintiffs have not pled a uniform course of procedure allowing the recovery of attorney's fees, the Plaintiffs are precluded from recovering attorney's fees and the prayer for attorney's fees should be dismissed or stricken.

      B.      **Attorney's fees are considered "special damages" and must be specifically pled under Rule 9(g) of the Federal Rules of Civil Procedure.**

Furthermore, the Plaintiffs have failed to "specially plead" attorney's fees as required by Rule 9(g) of the Federal Rules of Civil Procedure. Under federal law, attorney's fees are "special damages," with parties required to specifically plead attorney's fees within a complaint. *Western Cas. & Surety Co. v. Southwestern Bell Tel. Co.,* 396 F.2d 351, 356 (8th Cir.1968). The 8th Circuit in *Western Cas. & Sur. Co. v. Southwestern Bell Tel. Co.*, 396 F.2d 351 (8th Cir. 1968) discussed the award of attorney's fees when a defendant did not plead or assert the right to recover attorney's fees under a similar Missouri statute to Neb. Rev. Stat. § 44-359 allowing attorney's fees in "any action against any insurance company…" *Western,* 396 F.2d at 355. Supporting the Plaintiff's assertion that the Defendant could not recover attorney's fees, the 8th

10

Circuit found "no support in the pleadings for the allowance [of attorney's fees]." *Western*, 396 F.2d at 356. The Court further stated:

> "The recovery of attorneys' fees by the successful litigant is not a matter of right which follows automatically from and because of the fact that justice of his claim has been established; attorneys' fees are recoverable when and only when they are provided for by the statute. The [Missouri] statute is penal and must be strictly construed ... Claims for attorneys' fees are also items of special damage which must be specifically pleaded under Fed.R.Civ.P. 9(g)..."

*Id.*

In addition, the heightened pleading standards enumerated by the United States Supreme Court in *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) require the Plaintiffs to plead a specific statute when requesting attorney's fees. A plaintiff's obligation to provide the grounds of his "entitle[ment] to relief" necessitates more than mere labels and conclusions where a "formulaic recitation" of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. *Iqbal,* 129 S.Ct. at 1949. Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. As such, Plaintiffs' bare requests for attorney's fees without alleging any statutory or factual support must be dismissed for failure to state a claim under federal law.

### III. The Plaintiffs reference to Behrens' convictions for securities fraud with Plaintiffs' Complaint must be stricken under Rule 12(f) as "immaterial, impertinent or scandalous" material.

#### A. Plaintiffs' reference to securities fraud is not relevant to the present action.

A conviction for *securities* fraud is wholly unrelated to the sale of *insurance* policies that are not securities and should be stricken from the complaint as "redundant, scandalous, or irrelevant matter." Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a court's own motion or upon a motion made by either party before responding to the pleading, a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."

11

Fed. R. Civ. P. 12(f). Matter in a pleading is "irrelevant" within the meaning of Rule 12(f) if the matter "has no bearing on the subject matter of the controversy, and cannot affect the decision of the court." *U.S. Dental Institute v. American Ass'n of Orthodontists*, 396 F.Supp. 565, 583 (D.C. Ill. 1975). A motion to strike immaterial allegations of a complaint is mandatory if the language determined to be immaterial is also calculated to be harmful to the moving party if allowed to remain in the complaint. *Surface v. Safeway Stores*, 7 F.R.D. 478, 479 (D. Neb. 1947).

Federal courts have consistently stricken criminal convictions when it is unrelated to the underlying action. For example, in *In re U.S. Foodservice Inc. Pricing Litigation*, Nos. 3:07 MD 1894(CFD), 3:06 CV 1657(CFD), 3:08 CV 4(CFD), 3:08 CV 5(CFD), 2009 WL 5064468 at *27 (D. Conn. Dec. 15, 2009) the United States District Court for the District of Connecticut, citing irrelevance, struck from a pleading criminal convictions and guilty pleas related to securities fraud. Similarly, the Northern District of Illinois in *Alamo Theatre Co. v. Loew's Inc.* struck allegations that the defendant corporation illegally conspired to restrain trade in distribution of motion picture films, when such allegations related to "historical matter" not relevant to the underlying claims of antitrust violations. *Alamo Theatre Co. v. Loew's Inc.*, 143 F.Supp. 419, 420 (N.D.Ill.1956). *See also, Romy v. Burke*, No. 1236, 2003 WL 21205975 at*5 (Pa.Com.Pl. May 2, 2003) (Professional corporations' allegation that competing corporations and their directors and officers engaged in "Enron style looting," and reference to a particular defendant "having illicit sexual relations on the premises" were neither material nor appropriate proof of the breach of fiduciary duty, conversion and other claims against defendants); *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004) (Allegations in defendant's counterclaim for breach of contract, fraud, and unjust enrichment, accusing corporate plaintiff of engaging in "unorthodox" accounting practices, were immaterial and prejudicial, and would be stricken); *Skolnick v. Hallett*, 350 F.2d 861, 862 (7th Cir. 1965) (Striking a complaint replete with

scurrilous, offensive and objectionable allegations leveled at a Judge), *and Toto v. McMahan, Brafman, Morgan & Co.*, No. 93 Civ. 5894, 1995 WL 46691, at *16 (S.D.N.Y. Feb.7, 1995) (Stating that "frequently courts will strike references that have criminal overtones").

Plaintiffs have not pleaded, nor could they truthfully plead, that the life insurance products forming the basis of their Complaint *are* securities. Plaintiffs have further failed to plead any facts that show how Behrens' conviction for securities fraud was in any way related to his interaction with the Plaintiffs leading to their application for and acquisition of a KCL life insurance policy. Moreover, any reference to securities fraud allowed to remain in the complaint would only serve to unnecessarily harm the reputation of KCL. Therefore the reference to securities fraud must be stricken by the court as "immaterial, impertinent or scandalous" material under Federal Rule 12(f) because it is irrelevant and prejudicial to KCL with "no bearing on the subject matter of the controversy." *See, U.S. Dental Institute v. American Ass'n of Orthodontists, supra.*

**B.   Evidence of Behren's convictions for securities fraud is inadmissible and prejudicial character evidence:**

Beyond the obvious problems with relevancy, prior convictions for securities fraud also constitute in admissible character evidence under Federal Rule 404(b) inadmissible at trial to support Behren's propensity to commit the tortious acts alleged by the Plaintiffs. Pursuant to Federal Rule of Evidence 404(b) "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith ..." Rule 404(b) aims to prevent the trier of fact from inferring that, because a person engaged in misconduct on another occasion, that person possesses a bad character and acted in conformity therewith on the occasion at issue. *See,* 64 ALR Fed. 648. Consequently, any references to securities fraud should be stricken from the Plaintiffs' Complaint as the convictions have "no bearing on the

subject matter of the controversy." *See, U.S. Dental Institute v. American Ass'n of Orthodontists, supra.*

Federal courts have held prior acts or convictions inadmissible at trial under Rule 404(b) to establish fraud. In *Bunion v. Allstate Ins. Co.*, 502 F. Supp. 340, 340 (E.D. Pa. 1980), an insured motorist sued his insurer to recover damages for the insurer's refusal to pay a claim. The court ruled inadmissible as evidence of fraud other accidents involving the plaintiff, in the absence of proof of similarity among the accidents or injuries. *Bunion*, 502 F. Supp. at 342. Likewise, the Western District of Wisconsin in *Anderson v. First Commodity Corp. of Boston*, 618 F. Supp. 262, 269 (W.D. Wis. 1985), granted a commodities brokerage firm's motion in limine to exclude evidence of civil judgments against the firm in a claim for fraud asserted by a customer. *Anderson* found the evidence was inadmissible under Rule 404(b) to show the firm's intent to defraud. *Id.*

As evidence of Behrens' conviction for securities fraud is inadmissible at trial "to show conformity therewith" with respect to the Plaintiffs' allegations against the Defendant, such references should be stricken from the complaint as "immaterial, impertinent or scandalous" under Federal Rule 12(f). Without any probative or evidentiary value, allowing the conviction to remain in the Complaint would only serve to unfairly prejudice KCL and subject KCL to unnecessary and irrelevant character attacks.

## CONCLUSION

In light of the foregoing, the Defendant KCL respectfully requests the court grant its motion to dismiss Plaintiffs' breach of contract claim and demand for attorney's fees pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, because the references to securities fraud in the context of the Complaint are both immaterial and of a scurrilous nature, KCL requests the

court to strike any such reference under Federal Rule of Civil Procedure 12(f) as "redundant, scandalous, or irrelevant matter."

DATED this 1st day of November, 2010.

                                                  KANSAS CITY LIFE INSURANCE COMPANY, Defendant

                              By:   /s/Kyle Wallor
                                      Kyle Wallor, #21346
                                      LAMSON, DUGAN and MURRAY, LLP
                                      10306 Regency Parkway Drive
                                      Omaha, NE 68114
                                      (402) 397-7300

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2010, I electronically filed the forgoing with the clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

J. L. Spray & Patricia L. Vannoy
MATTSON, RICKETTS, DAVIES,
STEWART & CALKINS
134 South 13th Street, Suite 1200
Lincoln, NE 68508-1901

                              By:   /s/Kyle Wallor
                                      Kyle Wallor, #21346
                                      LAMSON, DUGAN and MURRAY, LLP

484435v3