IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL KREIKEMEIER and NORMA KREIKEMEIER, <br><br> Plaintiffs, <br><br> v. <br><br> KANSAS CITY LIFE INSURANCE COMPANY, a Missouri Corporation, <br><br> Defendant. | Case No. 8:10CV252 <br><br> **REPORT OF PARTIES' RULE 26(f) PLANNING CONFERENCE** |

Counsel for the parties met on November 10, 2010, by telephone. Representing plaintiff was J. L. Spray and Patricia Vannoy; representing defendant was Kyle Wallor. The parties discussed the case and jointly (except as noted below) make the following report:

I.  Initial Matters:

   A.  Jurisdiction and Venue: The defendant does ____ does not _X_ contest jurisdiction and/or venue. If contested, such position is because:

      1.  Jurisdiction: N/A

      2.  Venue: N/A

   B.  Immunity: The defendant has raised ____ will ____ will not _X_ raise an immunity defense. If so:

      1.  Basis of Immunity Defense: N/A

      2.  The earliest defendant can file a motion to dismiss on the basis of immunity is: N/A

   C.  If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so:

      1.  The earliest a motion to dismiss or transfer will be filed is: 11/01/11.

      2.  The initial discovery, limited to that issue, that will be necessary to file or respond to the motion is: N/A

D.  Rule 11 Certification: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).   N/A

II. Remaining Claims and Defenses:

A.  Plaintiffs Claims, Elements, Factual Application: The elements of the plaintiffs remaining claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof and the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings);

**CLAIM ONE**:_____Fraudulent Misrepresentation_____

Elements of Claim One:

a.  That the Defendant made the claimed representation;
b.  That the representation was false;
c.  That the representation was made fraudulently;
d.  That when the representation was made, the Defendant intended the Plaintiff would rely on it;
e.  That the Plaintiff did rely on the representation;
f.  That the Plaintiff's reliance on the representation was reasonable;
g.  That this representation was the proximate cause of some damage to the Plaintiff; and,
h.  The nature and extent of that damage.

Factual Application:   An agent of the Defendant Kansas City Life Insurance Company, Bryan Behrens (who was held out as one of the best and most valued insurance agents of the Company), sold the Kansas City Life Insurance Policy to each of the Plaintiffs. During his solicitations, Behrens fraudulently misrepresented a number of material facts about the transaction. Those included:

1.  That Plaintiff Daniel Kreikemeier's existing $1,000,000 policy could be replaced by a new $1,500,000 policy and that the annual premiums would not increase and the significant value of the policy would not decrease but would rather increase over time.

2.  That Plaintiff Norma Kreikemeier's existing policy could be replaced by a new policy with a corresponding increase in value and that the annual premiums would not increase and the significant value of the policy would not decrease but would rather increase over time.

3.    These statements were false but made with the intention that Plaintiffs would rely upon them which the Plaintiffs in fact did to their detriment and said reliance proximately caused their damages.

Of these elements, defendant disputes the following:  All

**CLAIM TWO**:    Negligent Misrepresentation

Elements of Claim Two:

a.    That the Defendant made the claimed representation;
b.    That the representation was false;
c.    That the Defendant failed to exercise reasonable care or competence in making the representation;
d.    That when the representation was made, the Defendant intended the Plaintiff would rely on it;
e.    That the Plaintiff did rely on the representation;
f.    That the Plaintiff's reliance on the representation was reasonable;
g.    That this representation was the proximate cause of some damage to the Plaintiff; and,
h.    The nature and extent of that damage.

For purposes of brevity, the Factual Application of Claim One can be applied here as well, except in the alternative, rather than the misrepresentations being fraudulent, they were made by the Defendant without the exercise of reasonable care or competence before making said representations.

Of these elements, defendant disputes the following: All

**CLAIM THREE**:   Fraudulent Concealment

Elements of Claim Three:

a.    That the Defendant had certain knowledge relating to the sale of the policies at issue in this case;
b.    That knowledge was material to the Plaintiff;
c.    That Defendant concealed that material knowledge;
d.    This information was not something Plaintiff knew or should have known had them been reasonably observant;
e.    That the fact was concealed with the intent that the Plaintiff would be misled as to the true circumstances;
f.    That the Plaintiff was reasonably so deceived or misled;
g.    That this concealment was the proximate cause of some damage to the Plaintiff; and,
h.    The nature and extent of that damage.

Factual Application: Kansas City Life Insurance Company and their agent, Bryan Behrens, knew that the premiums charged for the new $1,500,000 life insurance policy on Daniel Kreikemeier and the corresponding policy on Norma Kreikemeier could not sustain the cash values based upon the premiums being charged for each. Further, they concealed from the Kreikemeiers the fact that Behrens, without the knowledge or approval of the Plaintiffs, submitted fraudulent applications to Kansas City Life Insurance Company on behalf of the Kreikemeiers in order to procure false and misleading illustrations and other documents to present to the Kreikemeiers further concealing the true nature and value of the insurance policies being sold to them.

Of these elements, defendant disputes the following: All

**CLAIM FOUR:** Breach of Contract

Elements of Claim Four:

a. That the Plaintiff and the Defendant entered into a contract;
b. The terms of the contract;
c. That Defendant breached the contract in one or more particulars;
d. That this breach of contract was the proximate cause of some damage to the Plaintiff; and,
e. The nature and extent of that damage.

Factual Application: Plaintiff and Defendant entered into a contract to provide life insurance policies that would provide coverages in the amount of $1,500,000 and a corresponding amount for the policy on Norma Kreikemeier without increasing the premiums paid by the Kreikemeiers for the policy they then owned and with the understanding that the cash values of the policies would not only be sustained but would in fact increase over time. Kansas City Life Insurance Company has breached that contract by providing them with a policy inconsistent with those material terms of the agreement and the Kreikemeiers have subsequently suffered damages as a direct consequence of that breach.

Of these elements, defendant disputes the following: All

**CLAIM FIVE:** Negligence

Elements of Claim Five:

a. That the Defendant was negligent in one or more of the ways claimed by the Plaintiff;
b. That the negligence was the proximate cause of some damage suffered by Plaintiff; and,
c. The nature and extent of that damage.

      Factual Application: Kansas City Life Insurance Company had a duty to properly supervise its agent, Bryan Behrens, pursuant to the Nebraska Department of Insurance Rules and Regulations. Further, they had a duty to exercise reasonable care in all communications, including those through their agent, with the Plaintiffs. The Defendant, Kansas City Life Insurance Company, breached those duties by allowing their agent to provide false and misleading communications with the Plaintiffs and to conceal material information from the Plaintiffs in their dealings with the Plaintiffs. Those co-missions of misrepresentation and omissions of material fact caused the Plaintiffs damages.

      Of these elements, defendant disputes the following: <u>All.</u>

B.   <u>Defenses</u>. The elements of the remaining affirmative defenses raised by the pleadings are as follows: List each <u>affirmative defense</u> raised or expected to be raised by the defendant(s), the substantive elements of proof for it, and how the defendant claims the facts of this case make such defense applicable or established. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

The Defendant has not filed an answer yet. The Defendant, however, is contemplating raising the following defenses which may be amended based upon the Court's ruling on Defendant's motion to dismiss.

1.  FIRST DEFENSE: Failure to state a claim upon with relief may be granted.

      Elements: Assuming all of the allegations to be true in all of the theories of recovery raised by the plaintiffs, the plaintiffs have failed to establish a cause of action.

      Factual Application: <u>Fraudulent Misrepresentation</u> – the applications and terms of the policies define the coverage provided. <u>Negligent Misrepresentation</u> – the applications and terms of the policies define the coverage provided. <u>Fraudulent Concealment</u> – the applications and terms of the policies define the coverage provided. <u>Breach of Contract</u> – by the terms of the application and the contract provided to the plaintiffs, the agent could not enter into a contract different from the terms of the policy issued by the defendant. <u>Negligence</u> – the applications and terms of the policies define the coverage provided. <u>Attorneys fees</u> – the applicable law does not provide for the recovery of attorneys fees as the plaintiffs action is not one to enforce the terms of an insurance policy and there is no other statutory or constitutional provision or regular course of dealing which allows for the recovery of attorneys fees.

      Of these elements, plaintiffs dispute the following numbered elements:

      <u>All.</u>

2.     SECOND DEFENSE: <u>Failure to mitigate.</u>

    Elements: The plaintiffs failed to take reasonable steps to mitigate their alleged damages.

    Factual Application: The plaintiffs were provided with copies of the applications, illustrations for the their respective policies and the policies. The plaintiffs failed to read the applications, illustrations and policy provisions which demonstrated the rights of the plaintiffs and if plaintiffs did not want the coverage provided they should have elected to maintain their existing coverage. Further, the plaintiffs failed to fully fund their policies to provide them with the full benefit of the terms of the policies as per the application, illustrations and policy terms.

    Of these elements, defendant disputes the following numbered elements:

    All.

3.     THIRD DEFENSE: <u>Independent Contractor/Lack of Authority.</u>

    Elements: To the extent the plaintiffs are alleging Mr. Behrens acted fraudulently, which the defendant specifically denies, the defendant asserts Mr. Behrens was an independent contractor and that said actions were beyond the scope of Mr. Behrens' authority to which the defendant cannot be bound.

    Factual Application: To the extent the plaintiffs are alleging Mr. Behrens acted fraudulently, which the defendant specifically denies, Mr. Behrens was an independent contractor who sold insurance products for a number of different companies and was not authorized to make any representations beyond the scope of the products offered by the defendant and the defendant is not bound by such actions.

    Of these elements, defendant disputes the following numbered elements:

    All.

4.     FOURTH DEFENSE: <u>Contributory Negligence/Comparative Fault.</u>

    Elements: The plaintiffs had a duty to act with reasonable care, they failed to act with reasonable care and that failure was a proximate cause of their own damage.

    Factual Application: The plaintiffs were provided with copies of the applications, illustrations for the their respective policies and the policies. The plaintiffs failed to read the applications, illustrations and policy

provisions which demonstrated the rights of the plaintiffs and if plaintiffs did not want the coverage provided they should have elected to maintain their existing coverage. Further, the plaintiffs failed to fully fund their policies to provide them with the full benefit of the terms of the policies as per the application, illustrations and policy terms.

Of these elements, defendant disputes the following numbered elements:

All.

III.  Amending Pleadings; Adding Parties:

   A.  The plaintiff does__X__does not____ anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by 30 days following ruling on motion to dismiss. If more than sixty days, the reasons that much time is necessary are ___N/A.___

   B.  The defendant does__X__does not____ anticipate need to amend pleadings or add parties. If necessary, defendant can file the necessary motions to add parties or amend pleadings 30 days following the amended complaint if filed in response to motion to dismiss, or 30 days after the ruling on the motion to dismiss if the amended complaint is not filed by the plaintiffs. If more than sixty days, the reasons that much time is necessary are: ___N/A.___

   C.  Plaintiff will not__X__ move for class certification. The proposed class is: _____
The earliest the motion for class certification can be filed is: ___N/A.___

IV.  Dispositive Motion Assessment:

   A.  The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: Because of contract and claim for attorney's fees.

   B.  The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment: All.

   C.  The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is Initial disclosures, depositions and written discovery. It can be completed, at the earliest, by 04/01/2011.

V.  Settlement:

   A.  Status/Assessment of Settlement Discussions. Counsel state:
_____ There have been no efforts taken yet to resolve this dispute.

7

  __X__ This dispute has been the subject of efforts to resolve it __X__ prior to filing in court; __X__ after court filing, but before the filing of this report. Those efforts consisted of: <u>Direct contact between Plaintiffs and Defendant. Subsequently, there was a face to face meeting between counsel for the Plaintiffs, counsel for the Defendant and Defendant's representatives.</u>

  _____ Counsel believe that with further efforts in the near future, the case can be resolved, and the court is requested to delay entering an initial progression order for ___ days to facilitate immediate negotiations or mediation. Defendant's counsel will report to the court by letter at the end of this period on the status of such discussions.

  _____ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel. Mediation _____ will be appropriate in this case at some point; _____ will not be appropriate because: _____

  _____ This case can be settled, but settlement is not very likely, and negotiations will be difficult because: _____

  _____ This case will not be settled because: _____

 B. <u>Next Step</u>. The *minimum* discovery needed to conduct further settlement discussions is: By Plaintiff(s): <u>Initial disclosures, interrogatories, request for production of document, deposition of Bryan Behrens.</u>

By Defendant(s): <u>Initial disclosures, interrogatories, request for production of documents, depositions of the Plaintiffs.</u>

This discovery will be completed by <u>04/01/11</u>, and plaintiff(s) will then communicate to defendant(s) a written, updated settlement proposal.

VI. Discovery Plan: The parties submit the following plan for their completion of discovery:

 A. <u>Subjects for Discovery</u> (i.e., factual issues that discovery may resolve): <u>All matters raised in the pleadings.</u>

 B. <u>Agreed Discovery Procedures</u>:

  1. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: <u>N/A</u>

   Counsel have agreed to the following actions to address that difficulty: <u>N/A</u>.

2.  Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

    (a) The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

    (b) The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

    (c) The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

    (d) Whether reasonable measures have been implemented to preserve such data;

    (e) The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

    (f) The form and method of notice of the duty to preserve;

    (g) Mechanisms for monitoring, certifying, or auditing custodial compliance;

    (h) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

    (i) Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

    (j) The anticipated costs of preserving these materials and how such costs should be allocated; and

    (k) The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

__X__ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ The following provisions should be included in the court's scheduling order: _____

3. Disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses ___ have been completed; __X__ will be completed by: 12/15/10

4. Discovery will be conducted in stages or otherwise restricted, as follows (State agreed restrictions, stages, scheduling stays, etc.). NOTE: The court will expect discovery necessary to considering the matters in Parts IV and V above to be undertaken first, unless there is good reason to delay it.

   N/A

5. __50__ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

6. __8__ Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

7. __All__ Depositions will be limited by Rule 30(d)(2), except the depositions of_____, which by agreement shall be limited as follows: _____

8. If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by: 05/01/11

9. The parties stipulate that they will be required to give at least __10__ days' notice of their intention to serve records/documents or subpoenas on third parties, to enable court consideration of them, if necessary, prior to issuance.

10. Other special discovery provisions agreed to by the parties or suggested by either party are: N/A

10

VII.    Consent to Trial Before Magistrate Judge:

The parties do __X__ do not ____ consent to trial before a magistrate judge, and if so, will send __X__ have sent ____ the executed consent form to the clerk's office. (The consent forms require original signatures).

VIII.    Trial Scheduling:

    A.    The parties now anticipate that the case can be ready for trial by __08/01/11__, and (if more than eight months from now) the special problems or circumstances that necessitate that much time for trial preparation are: _____
_____
_____

    B.    Counsel think that the trial of this case, if necessary, will require __3 – 4__ trial days.

    C.    <u>Jury Trial</u>:

        1.  ____  Having previously demanded jury trial, the plaintiff now waives jury trial. Defendant will file a demand for jury trial within __ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        2.  ____  Having previously demanded jury trial, the defendant now waives jury trial. Plaintiff will file a demand for jury trial within __ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        3.  ____  The parties disagree on whether trial by jury is available in this case. A motion to strike the _____ demand for jury trial will be filed no later than _____

        4.  __X__  Both Plaintiffs and Defendant will be demanding a trial by jury.

IX.    Other: Other matters to which the parties stipulate and/or which the court should know or consider: __N/A__

DATED this 16th day of November, 2010.

| Counsel for Plaintiffs | Counsel for Defendant |
|---|---|
| /s/ J.L. Spray | /s/Kyle Wallor |
| J. L. Spray, #18405 | Kyle Wallor, #21346 |
| Patricia L. Vannoy, #24264 | |

487183v1