IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL KREIKEMEIER and NORMA KREIKEMEIER, | ) | Case No. 8:10CV252 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KANSAS CITY LIFE INSURANCE COMPANY, a Missouri Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS RULE 12 MOTIONS**

---

**PREPARED AND SUBMITTED BY:**

Kyle Wallor #21346
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
Telephone:  (402) 397-7300

## INTRODUCTION

Defendant Kansas City Life Insurance Company ("KCL") offers this reply brief in support of its Rule 12 Motions. Rather than reiterate the arguments propounded within KCL's initial brief, KCL will respond in turn to the arguments raised within Plaintiffs' brief.

## ARGUMENT

**I.    Plaintiffs' purported "non-policy contract claim" fails to state a claim upon which relief may be granted.**

Plaintiffs argue they have broadly pled their Complaint to include a breach of contract claim "not embodied by the policies," that is, the "non-policy contract claim." However, this purported "non-policy contract claim" does not survive KCL's motion to dismiss as Behrens had no authority to verbally bind KCL to any kind of contract, including both a "policy contract" and a "non-policy contract." *See, e.g. Kaley v. Northwestern Mut. Life Ins. Co.,* 102 Neb. 135, 135, 166 N.W. 256, 256 (1918); *and Baird v. Union Mut. Life Ins. Co.,* 103 Neb. 609, 609, 173 N.W. 686, 687 (1919) (ratifying the rule announced in *Kaley*).

The limitations of Behrens were explicitly spelled out on the face of the applications in which Plaintiffs signed and which Plaintiffs attached to their Complaint:

> No agent has the authority to waive any of the Company's rights or rules, or to make or change any contract.

(Exhibit B, Page 9, ¶4, Exhibit C, page 4, ¶4).

Because Behrens' authority was so limited, Behrens could not bind KCL to any "non-policy" contract. Again, KCL would refer this court to *Kaley v. Northwestern Mut. Life Ins. Co.,* and *Baird v. Union Mut. Life Ins. Co., supra,* where the Nebraska Supreme Court found insurers not bound by "estimates" agents made, when such estimates were inconsistent with the written policies of insurance. Contrary to Plaintiffs' urging, the Supreme Court in *Kaley* and *Baird* did not hold insurers bound to "non-policy" contracts based upon agents' representations when

1

agents did not have the authority to bind insurers to contracts incompatible with the express terms of the policies.  Plaintiffs' argument that Behrens somehow bound KCL to a "non-policy" contract is a weak attempt to circumvent the well established case law on this topic. [1]

Though Behrens was unable to bind KCL to a "non-policy" contract because his agency was clearly limited, to the extent this court looks past Behrens' limited agency, evidence of a non-policy contract claim would further violate Nebraska's parol evidence rule.  Unless a contract is ambiguous, parol evidence of an oral agreement cannot be used to vary its terms.  *See e.g.*, *Thrower v. Anson,* 276 Neb. 102, 752 N.W.2d 555, (2008).  In *Thrower*, an insured attempted to offer evidence of an oral agreement pertaining to a release, despite the fact that the release contained unequivocal and unconditional language.  276 Neb. at 109, 752 N.W.2d at 561. The court found such evidence inadmissible:

> [The Plaintiff's] contention that the parties had an oral agreement ignores the parol evidence rule, which renders ineffective proof of a prior or contemporaneous oral agreement which alters, varies, or contradicts the terms of a written agreement. Unless a contract is ambiguous, parol evidence cannot be used to vary its terms. As stated above, the release is clear, unambiguous, and unconditional. [The Plaintiff's] proposed oral condition would alter the terms of the release. Under the parol evidence rule, [the Plaintiff] cannot rely upon evidence of a purported oral agreement to vary the written terms of the release, and therefore, [the Plaintiff's] argument is without merit.

*Id.*  Applying the parole evidence rule in *In re Minnesota Mut. Life Ins. Co.*, 346 F.3d 830, 837 (8th Cir.2003), the 8th Circuit refused to allow into evidence sales illustrations indicating that policy premiums would vanish after the seventh year of the policy.  Concluding the policy was not ambiguous the court stated that any enforcement of the alleged promises made by the insurance company through the use of sales illustrations would violate the parole evidence rule.

*Id.*

---

[1] Notably, Plaintiffs do not attempt to rebut KCL's argument that where an insurance agent's authority has been limited on the face of a policy, the agent cannot bind the insurer to a contract that is inconsistent with the written policy.  KCL's argument that Behrens was a soliciting agent is secondary to its argument that a life insurance agent cannot bind an insurer to a contract when the applicant has actual notice that the agent possesses no such authority.

**II.**   **The doctrine of *respondeat superior* is a tort claim, not a contract claim.**

On page 6 of their brief in opposition to KCL's motion to dismiss, Plaintiffs argue that

KCL's motion should be denied as KCL may be liable for breach of contract under the theory of

*respondeat superior*.   However, the doctrine of *respondeat superior* is only applicable when

recovery is based upon tort rather than contract.  *Strong v. K & K Inv., Inc.,* 216 Neb. 370, 374-

75, 343 N.W.2d 912, 915-16 (1984);  *Labor Ready, Inc. v. Moothart*, No. 29290-4-II, 2004 WL

505248 at *8 (Wash.App. Div. 2 March 16, 2004), *and Mathes' Estate v. Ireland*, 419 N.E.2d

782, 786 (Ind. App. 1981).

The Nebraska Supreme Court in *Strong v. K & K Inv., Inc.* provided a concise statement

of Nebraska law concerning the doctrine of *respondeat superior*:

> [I]n order to sustain a recovery under the doctrine of *respondeat superior*, the relationship
> of master and servant must be shown to exist at the time of the injury and with respect to
> the particular transaction resulting in the alleged tort, and the servant must be shown to be
> acting within the scope of his employment.... [T]he conduct of a servant is within the
> scope of employment if, but only if, it is of a kind he is employed to perform, it occurred
> substantially within the authorized time and space limits, and it is actuated, at least in
> part, by a purpose to serve the master.

216 Neb. at 374-75, 343 N.W.2d at 915-16.

Additionally, the court in *Mathes' Estate v. Ireland*, 419 N.E.2d 782 (Ind. App. 1981)

clarified that the doctrine of *respondeat superior* applies to tort liability whereas principles of

agency apply to non-tort liability:

> The general rule of liability that presupposes authorization of acts of agent in order to
> bind principal applies to principal's contractual or non tort liability. The tort liability of
> principal expressed in doctrine of *respondeat superior* is based not upon agency
> relationship but upon employer-employee relationship and touchstone for principal's
> liability for tortious acts of his agent is merely whether they are done within course of
> scope of employment

419 N.E.2d at 786.  *See also, Labor Ready, Inc. v. Moothart*, No. 29290-4-II, 2004 WL 505248

at *8 (Wash.App. Div. 2 March 16, 2004) (finding Plaintiff could not recover under a *respondeat*

3

*superior* theory because such theory only applies to an employee's tortious conduct and not a breach of contract theory).

Analogous to the courts' reasoning in *Strong*, *Mathes*, and *Labor Ready*, KCL cannot be held liable for breach of contract based upon the theory of *respondeat superior*. And, because theories of agency are likewise inapplicable as a life insurance agent cannot bind its principal when an agent exceeds contractual limitations, *Omaha Alfalfa Milling Co. v. Pinkham*, 105 Neb. 20, 178 N.W. 910 (1920), the Plaintiffs' breach of contract claim must be dismissed for failure to state a claim under Nebraska law.

**III.    The scope of Behrens' agency is properly considered on a motion to dismiss when Behrens' authority is expressly limited on the face of the Plaintiffs' pleadings.**

Plaintiffs argue they have pled that Behrens was a General Agent of Kansas City Life. However Plaintiffs fail to understand that while Behrens' title may have been General Agent, as a matter of law and as shown on the face of the Complaint, Behrens was a soliciting agent, not a general agent under applicable case law. The limited scope of Behrens' agency is clearly delineated on the face of the policy applications, which Plaintiffs have attached to their Complaint. Materials attached to a complaint as exhibits may be considered in construing the sufficiency of the complaint on a motion to dismiss. *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 (8th Cir. Mo. 2002).

Plaintiffs rely on *Bayer v. Lutheran Mut. Life Ins. Co.,* 184 Neb. 826, 172 N.W.2d 400 (1969) to argue the scope of Behrens' authority is a question of fact, inappropriately considered on a motion to dismiss. Yet *Bayer* is not dispositive on this topic as *Bayer* did not hold the scope of an agent's authority is a question of fact. Moreover, *Bayer* defined a general agent as one "who himself employs agents to carry out the business of the company," with "authority to solicit insurance applications and to countersign and issue policies entrusted to him …" *Bayer*,

184 at 830, 172 N.W.2d at 403. In contrast to this definition, Behrens had no such authority when his agency was expressly limited on the face of the policy applications.

IV. **Plaintiffs have failed to plead and will be unable to plead facts which would allow recovery of attorneys fees under Neb. Rev. Stat. §44-359.**

Plaintiffs argue within their brief that the "plain language" of Neb. Rev. Stat. §44-359 supports the award of attorney fees in the present case. Yet, as previously discussed in KCL's initial brief, because a life insurance agent cannot bind an insurance company when the agent's lack of authority to do so is clearly set out, there is no contract or insurance policy within the confines of Neb. Rev. Stat. §44-359 to base Plaintiffs' requests for attorney fees upon. Simply put, Plaintiffs' action is not an action "upon a policy of insurance" to warrant the recovery of attorney fees under §44-359. *See*, *Lundt v. Insurance Co. of North America,* 184 Neb. 208, 210, 166 N.W.2d 404, 405 (1969), *and Hayden v. Neville*, No. A-05-004. 2007 WL 1191908 at *19 (Neb. App. April 24, 2007) (finding the plain language of 44-359 did not allow for the recovery of attorney fees when no judgment had been rendered against an insurer or upon a policy of insurance). Plaintiffs' purported "non-policy" contract claim similarly does not support the award of attorney fees when the action is admittedly not based upon any policy of insurance. (Plaintiffs' Brief, Page 4).

Plaintiffs criticize the 8th Circuit's interpretation of Neb. Rev. Stat. §44-359 as precluding the award of attorneys fees when an action is based in tort rather than contract, yet Plaintiffs have cited no affirmative authority to support a contrary finding. While not binding upon this court, *Leinemann* is persuasive authority because the courts in Nebraska have not yet addressed this particular issue. In the absence of a state court opinion, a federal court should consider any other "materials persuasively indicating the course of decision within the state." *Cooney v. Moomaw,* 109 F.Supp. 448, 449 (D. Neb. 1953). *See also, Cudahy Co. v. American Laboratories, Inc.* 313

5

F.Supp. 1339, 1342 (D. Neb. 1970) (finding that in the absence of instructive decisions or considered dicta by Nebraska Supreme Courts, federal court may consider any other materials indicating course of decisions within state and should consider all available data on the questions involved).  Though not bound by a federal court's interpretation of a state statute, courts give "great deference" to federal court decisions if they seem persuasive. *Commonwealth v. Murphy,* 448 Mass. 452, 462, 862 N.E.2d 30, 39 (2007).

Because Plaintiffs' action is not "based upon a policy of insurance," and since *Leinemann* clearly held that §44-359 does not authorize attorneys fees when an action is only a "tortious wrong," Plaintiffs' request for attorneys fees must be dismissed.

**V.      The reference to Behrens' conviction for securities fraud is improper.**

Plaintiffs' assertion that irrelevancy "is not a concept included within Rule 12(f)" is misplaced as courts consistently strike allegations under Rule 12(f) on relevancy grounds.  *See, Magnavox Co. v. APF Electronics, Inc.,* 496 F.Supp. 29 (D.C. Ill. 1980) (citing relevancy grounds, court struck allegations in complaint referring to settlement agreements from prior actions charging patent infringement); *and Morse v. Weingarten,* 777 F.Supp. 312 (S.D.N.Y. 1991) (striking criminal conviction within complaint when the conviction did not bear remotely on the merits of the case and the reference served no purpose other than to inflame the reader). Though Plaintiffs have cited *In Re Foodservice Inc. Pricing Litigation* in their brief to support the proposition that relevancy is not a proper consideration on a motion to strike, the Plaintiffs entirely ignored the fact that the court in *In Re Food Services* struck references to a civil investigation on the basis of irrelevance.  *In re U.S. Foodservice Inc. Pricing Litigation,* Nos. 3:07 MD 1894(CFD), 3:06 CV 1657(CFD), 3:08 CV 4(CFD), 3:08 CV 5(CFD), 2009 WL 5064468 at *28 (D.Conn. Dec. 15 2009).

Moreover, KCL's argument in support of striking references to Behrens' conviction for securities fraud is more of a materiality argument rather than a relevance argument. The inclusion of the word "immaterial" within Rule 12(f) "gives [a] court power to strike from pleadings 'any matter not having much value in developing the issues of the case.' " *Geir By and Through Geir v. Educational Service Unit No. 16,* 144 F.R.D. 680, 688 (D. Neb. 1992) *citing* 2A *Moore's Federal Practice* ¶ 12.21[1]. Despite Plaintiffs' urging, determination on this issue should not wait until trial as evidence of Behrens' conviction for securities fraud has <u>no</u> value in developing the issues of the case when the present action is entirely unrelated to the securities market. Indeed, the "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983). Allowing the conviction to remain in the Complaint until trial would only serve to prejudice KCL and provoke the reader without providing any probative value to the underlying case.

Plaintiffs attempt, unsuccessfully, to suggest a conviction for *securities* fraud is somehow material and relevant to an action involving representations under an *insurance* policy that is not a security, by arguing Behrens defrauded "securities customers and insurance customers" alike. Yet, Plaintiffs have not pled any criminal conviction for fraud of an insurance customer within their Complaint. (*See* Plaintiffs' Complaint, *generally*). A conviction for securities fraud is not material to the injuries purportedly suffered by Plaintiffs. For example, in *Levert v. Philadelphia Intern. Records*, No. Civ. A 04 – 1489, 2005 WL 2271862 at *5 (E.D.Pa. September 16, 2005), the court struck allegations of criminal conduct and references to rights violations when the persons whose rights had been violated were not parties to the action. Stricken language included references to defendant's "theft and conversion" and defendant's participation in the "deliberate, knowing and intentional misappropriation of monies…" *Id.* Akin to the holding in

7

*Levert*, Plaintiffs have not alleged they were victims of Behrens' alleged *security* fraud. Essentially, Plaintiffs have requested the court to leave the securities conviction within their Complaint and allow Plaintiffs to perform discovery because the conviction is "quite possibly" relevant and material. (Plaintiffs' Brief, Page 12). This seems to be an implicit admission by Plaintiffs that the conviction does not presently have "any bearing on the subject matter of the controversy" requiring it to be stricken under Fed. R. Civ. P. 12(f). *See e.g. U.S. Dental Institute v. American Ass'n of Orthodontists,* 396 F.Supp. 565, 583 (D.C. Ill. 1975).

Plaintiffs contend that the allegation that Behrens was convicted of securities fraud should be left in their Complaint because they might later show it to be relevant and material. Plaintiffs have it exactly backward. The allegation should be stricken because on the face of the Complaint it is neither relevant nor material. If Plaintiffs can later prove up facts sufficient to support the allegation, they may move to amend the Complaint.

Plaintiffs' argument with respect to Federal Rule 404(b) is misplaced. That rule governs admissibility of character evidence at trial. However, KCL's motion now before the Court deals with pleadings, not trial procedure. The question before the Court at this time is whether the allegation is properly in the Complaint, not whether it may be admitted as evidence at trial. For the reasons stated in KCL's original brief and in this reply brief, the allegation should be stricken.

## CONCLUSION

Based upon the foregoing as well as the reasons initially expounded in KCL's first brief, KCL respectfully requests the Court grant its motion to dismiss Plaintiffs' breach of contract claim and demand for attorneys fees pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, KCL requests the Court to strike any reference securities fraud as "redundant, scandalous, or immaterial."

DATED this 6th day of December, 2010.

KANSAS CITY LIFE INSURANCE COMPANY,
Defendant

By:  /s/Kyle Wallor
      Kyle Wallor, #21346
      LAMSON, DUGAN and MURRAY, LLP
      10306 Regency Parkway Drive
      Omaha, NE 68114
      (402) 397-7300

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2010, I electronically filed the forgoing with the clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

J. L. Spray & Patricia L. Vannoy
MATTSON, RICKETTS, DAVIES,
STEWART & CALKINS
134 South 13th Street, Suite 1200
Lincoln, NE 68508-1901

By:  /s/Kyle Wallor
      Kyle Wallor, #21346
      LAMSON, DUGAN and MURRAY, LLP

488229v1