### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DANIEL KREIKEMEIER and NORMA KREIKEMEIER,** | ) ) ) | **8:10CV252** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **PROTECTIVE ORDER** |
| **KANSAS CITY LIFE INSURANCE COMPANY, a Missouri Corporation,** | ) ) ) ) | |
| Defendant. | ) | |

**WHEREAS**, Rule 26(c) of the Nebraska Discovery Rules for Civil Cases provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and all parties have stipulated and agree that such an Order be entered (Filing No. 31), it is hereby ORDERED:

1. In connection with discovery proceedings in this action, any party may designate any non-public document, material, or other information that in that party's good faith belief merits the protections provided by the Stipulation as "Confidential" under the terms of the Stipulation. Documents, materials or other information designed as "Confidential" shall be used by persons receiving them only in connection with the prosecution or defense of the above-captioned action and for no other purpose whatsoever.

2. Any party may designate documents, material, or other information as "Confidential" either by furnishing a separate written notice to the party receiving such documents, material, or other information at the time of their production or as soon thereafter as practicable, specifically identifying the documents, material, or other information at the time of their production or as soon thereafter as practicable, specifically identifying the documents, material, or other information as "Confidential," or by stamping the documents, material, or other information with the legend "CONFIDENTIAL," prior to their production. Stamping such

a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the producing party.

3.   The purpose of allowing the parties to mark documents "Confidential" includes: (a) protecting confidential and proprietary information that may be disclosed during the course of discovery; (b) protecting confidential personal information relative to either the Plaintiffs, Defendant, or parties associated with the Plaintiffs or Defendant; and (c) to preclude documents from being used in other claims, proceedings (legal or otherwise) and lawsuits.

4.   In the event counsel for a party receiving documents, material, or other information designated as "Confidential" objects to such designation of any or all of such items, said counsel shall advise the party producing the items of such objections and the reasons therefor.  If the producing party disagrees with such objections, all of the items in dispute shall be treated as "Confidential" pending a resolution of the parties' dispute, and it shall be the obligation of the party receiving the items designated as "Confidential" to obtain a prompt resolution by the Court with respect to the propriety of the designation.  Notwithstanding the above, the producing party will bear the burden of showing that the items at issue merit confidentiality protection under the standards imposed by applicable law.

5.   If at any deposition any party wishes to use or inquire about any documents, material, or other information designated as "Confidential," the portion of the deposition transcript that relates to such documents, material, or other information shall be designated and treated as "Confidential" and subject to the confidentiality provisions hereof upon the request of the party who produced such confidential materials.  Any exhibit, deposition or other testimony may be designated as "Confidential" by any of the following means:

    a.   Stating orally on the record of a deposition that certain document(s), material, information or testimony is "Confidential;"

    b.   Sending written notice designating information as "Confidential;" or

    c.   Stamping or writing the legend "CONFIDENTIAL" on the relevant portion of the transcript or exhibit at or before the signing of the transcript by the witness.

6.   Documents, material, or other information (including portions of deposition transcripts) designated as "Confidential," or information derived therefrom, may be disclosed or made available by the party receiving such information only to the following:

   a.   The Court (at any trial and oral hearing and in the manner provided by Paragraph 6 hereof);

   b.   Such employees of the parties to the extent deemed necessary by counsel for the prosecution or defense of this action;

   c.   Outside counsel to the parties to this action and the staff employed by such counsel;

   d.   Court reporters;

   e.   Any deposition witness who has previously had access to the documents, material, or other information or is an officer, director or employee of any entity that has had access to the documents, materials, or other information;

   f.   Consultants or experts (and their employees or other assistants) who are retained to assist counsel or to testify in this litigation; and

   g.   Any other person to whom the parties agree in writing.

7.   If documents, material, or other information (including portions of deposition transcripts) designated as "Confidential" are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential — Subject to Court Order" and filed under RESTRICTED ACCESS, pursuant to NECivR 5.0.3, and kept under RESTRICTED ACCESS until further order of this Court.

8.   The inadvertent production of any Confidential document, material, or other information without a "Confidential" designation, or the inadvertent production of any document, material, or other information constituting privileged matter under the attorney-client privilege or work-product doctrines, shall be without prejudice to any claim that such document, material, or other information is Confidential or is privileged in any respect or protected from discovery as work product or material prepared in anticipation of litigation within the meaning of Rule 26(b), and no party shall be held to

have waived any rights by such inadvertent production. In the event that any document, material, or other information that is subject to a claim of privilege or that is otherwise protected from discovery is inadvertently produced, the party that inadvertently received the document, material, or other information shall return the document, material, or other information together with all copies of same to the producing party promptly after it receives a written notice from the producing party that the document, material, or other information was produced inadvertently.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of written documents, material, or other information known or obtained by such party or witness independently of the discovery proceedings in this action, whether or not such document, material, or other information are also obtained through discovery proceedings in this action. Nothing herein shall be construed to limit in any way any party's use of its own documents, material, or other information designated as "Confidential."

10. In the event "Confidential" documents, materials, or other information is to be disclosed or made available by the recipient to a consultant or expert retained or consulted in connection with this action, disclosure of such "Confidential" material or information shall not be made until the consultant or expert agrees in writing to be bound by the terms and conditions of this Stipulation and Order (including without limiting the generality of Paragraph 11 hereof); agrees to consent to the jurisdiction of the Court having jurisdiction over this action for purposes of enforcement of the terms of this Stipulation and Order; and agrees not to disclose or use such documents, materials, or other information for purposes other than those set forth in this Stipulation and Order.

11. Upon termination of this action, including all appeals, the parties or any person who obtained confidential documents, materials, or other information pursuant to this Stipulation and Order shall return to counsel for the producing party all documents, materials, or other information designated as "Confidential" and all copies thereof, or as the parties may agree, by appropriate method is of destruction, provided, however, that the parties' counsel may retain copies of briefs, other papers filed with the Court that

contain or constitute such material, and documents reflecting attorney work-product, so long as such briefs, other papers filed with the

Court and documents reflecting attorney work-product are maintained in accordance with the provisions hereof.

    12.   Any party may ask the Court, after notice to the other party, to modify or grant relief from any provisions of this Stipulation and Order.

    DATED this 30th day of March, 2011.

                                              BY THE COURT:

                                              s/ Thomas D. Thalken
                                              United States Magistrate Judge